CITY OF OCALA, FLORIDA, a municipal corporation, for the use and benefit of STANDARD OIL COMPANY OF NEW JERSEY, a corporation, *Plaintiff in Error*, v. CONTINENTAL CASUALTY COMPANY, a corporation and BAKER & FOULKS, INC., a corporation, *Defendants in Error*.

Division B.

Opinion filed April 4, 1930.

Petition for rehearing denied April 28, 1930.

*Martin H. Long*, for Appellant;

*Marks, Marks & Holt*, for Appellee.

WHITFIELD, P. J.—In an action brought by the appellant against the appellees on a surety bond, it is alleged that the defendant, Baker & Foulks, Inc., contracted with the City of Ocala for the improvement of certain streets according to plans and specifications made a part of the declaration; that it was a condition of such contract plans and specifications that the contractor should give a bond in the form shown in the specifications containing the condition that the contractor would fully and promptly pay all claims for supplies, labor and materials used in the prosecution of said work; that after signing the contract the contractor

"furnished to the said City, a certain bond with the defendant, Continental Casualty Company as surety thereon, which referred to said contract and made the same a part thereof as fully and to the same extent as if copied therein; that said bond did not contain the condition required by the said City or by the Statutes of the State of Florida, as set forth in Chapter 10035 of the Laws of Florida of 1925 * * *; that notwithstanding the said omission, the terms of the said bond and contract are such and the Statutes of this State are so read into said contract whether written therein or not, that the defendant, Continental Casualty Company, then and thereby became bound and obligated to pay the persons furnishing materials and supplies in connection with the prosecution of said work to the amount of said penal sum of said

bond, to-wit, Sixty-four Thousand Dollars ($64,000-.00) ; that the said Continental Casualty Company was paid the premium customarily charged and required by indemnity companies for entering into bonds containing the obligations set forth in Chapter 10035 of the Laws of Florida of 1925, and accepted and retained the same; that * * * the use plaintiff, Standard Oil Company of New Jersey, sold and delivered to the said Baker & Foulks Inc., certain asphalt and other materials and performed certain services and paid certain sums necessary for the transportation and delivery of the said materials to the said principal contractor,"

which have not been paid for.

The notice to bidders made a part of the declaration contains the following:

"5. The successful bidder will be required to give a bond acceptable to the City in the full amount of the contract, with a Surety Company authorized to do business in Florida, and having an agent resident in Marion County Florida as surety, said bond to be countersigned by such resident agent."

"9. The following papers shall constitute the contract:

(a) The published notice to Contractors.
(b) Memorandum of the agreement.
(c) The proposal or bid.
(d) The duly executed bond.
(e) Specifications, hereto atached.
(f) Plans and profiles prepared by the Engineer."
"11—Contract and Bond:

"The successful bidder shall within five (5) days after the date of the City's notice to him, sign the

Contract; and execute bond within fifteen days of said notice. The bond shall be for an amount equal to one hundred (100) per cent of the contract; and shall guarantee the faithful execution and completion of the contracts, and fulfilment of all the covenants and agreements, and stipulations on the part of the contractor to be kept and performed.''

The contractor

''shall settle all claims for labor, material and equipment, and satisfy the City that there are no outstanding debts or claims as the result of the execution of his contract before the Engineer's final estimate will be paid him.''

The bid made by the contractor contained an agreement ''to furnish acceptable bond in an amount equal to one hundred (100) per cent of the contract.''

The instructions to bidders embraced a blank copy of a ''contractor's bond,'' to be executed by the principal and surety, without seals, which blank form contained a provision that the contractor ''shall fully and promptly pay all claims for supplies, labor and materials used in the construction''; but this form of ''contractor's bond'' was not executed by the contractor or by the surety company, and the bond executed by the surety company contains no such provision. The notice to bidders stated that ''the duly executed bond'' would be a part of the contract.

The contract entered into by the city and the contractor, dated November 3, 1926, stipulated that the contractor would at his own cost and expense ''do all the work, furnish all materials, equipment and labor necessary to do the same, and under penalty of the bond attached hereto, and bearing date of November 1st 1926.'' No bond ''bear-

ing date of November 1st 1926'' appears in the record. The contract made no reference to the bond that was given by the surety dated January 5, 1927.

The bond here sued on was executed January 5, 1927, by the surety company but not by the contractor. It contains the following:

"WHEREAS, The Principal has entered into a written contract dated 192, with the Obligee, for CERTAIN STREET IMPROVEMENTS IN THE CITY OF OCALA, FLORIDA, which contract is hereby referred to and made a part hereof, as fully and to the same extent as if copied at length herein.

NOW, THEREFORE The condition of this obligation is such, that if the Principal shall indemnify the Obligee against any loss or damage directly arising by reason of the failure of the Principal to faithfully perform said contract, then this obligation shall be void; otherwise to remain in full force and effect.

Provided, however, and upon the EXPRESS CONDITIONS, the performance of each of which shall be a condition precedent to any right to recovery hereon.''

"SIXTH: That no right of action shall accrue upon or by reason hereof, to or for the use or benefit of any one other than the Obligee herein named; and that the obligation of the Surety is, and shall be construed strictly as, one of surety-ship only, shall be executed by the Principal before delivery, and shall not, nor shall any interest therein or right of action thereon, be assigned without the prior consent, in writing, of the Surety.''

A demurrer to the declaration was sustained, final judgment for the defendant on the demurrer was rendered and the plaintiff took writ of error.

The statute is as follows:

"Section 1. That Section 3533 of the Rev. Gen. Stats. be and the same is hereby amended to read as follows: Chapter 10035, Acts 1925:

"3533. That, hereafter, any person, or persons, entering into a formal contract with the State of Florida, any County of said State, or any City in said State, or any political subdivision thereof, or other public authority, for the construction of any public building, or the prosecution of completion of any public work or for repairs upon any public building, or public work, shall be required, before commencing such work to execute the usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor, or contractors, shall promptly make payments to all persons supplying him, or them, labor, material and supplies, used directly or indirectly by the said contractor, contractors, sub-contractors or sub-contractors in the prosecution of the work provided for in said contract; and any person, or persons making application therefor, and furnishing affidavit to the Treasurer of the said State of Florida, or any City, or County, or political subdivision, or other public authority, having charge of said work, that labor, material or supplies for the prosecution of such work has been supplied by him or them, and payment for which has not been made, shall be furnished with certified copy of said contract and bond, upon which, said person or persons, supplying such labor material or supplies shall have a right of action, and shall be authorized to bring suit in the name of the State of Florida, or the City, County, or political subdivision, prosecuting said work for his, or their use and benefit, against said contractor, and sureties, and to prosecute

the same to final judgment and execution; Provided that such action, and its prosecution, shall not involve the State of Florida, any County, City or other political subdivision in any expense." Sec. 5397 Comp. Gen. Laws 1927.

The surety company was not a party to the construction negotiations or to the "formal contract" executed by the contractor, and the surety company is not bound by them except as made so by the bond executed by the surety company.

There was no duty or obligation of the surety company to enter into the bond that the staute requires the contractor to execute "before commencing" the "public work." If a surety company executes a penal bond purporting in terms or in substance or by sufficient reference to be in accordance with or for the purpose of complying with the requirements of the statute in cases of such contracts, as to "additional obligations that such contractor shall promptly make payments to all persons supplying him labor, material and supplies used directly or indirectly in the prosecution of the work provided for in the contract," the surety company will be liable as provided by the statute; Fulghum v. State, 92 Fla. 662, 109 So. R. 644. But in this case the bond merely refers to and makes *the contract* (not the notice to bidders or the bids or other negotiations) a part of the bond "as fully and to the same extent as if copied at length herein," and the contract with the city as executed by the contractor contains no stipulations as to paying for material, labor or supplies furnished by others for the work, and the bond merely obligates the surety to indemnify *the city* "against any loss or damage directly arising by reason of the failure of the principal to faithfully perform said contract," the city not being liable for labor, material or supplies

furnished by others to the contractor, and such bond executed by the surety company does not purport to be executed in compliance with the statute, or to contain by reference or otherwise the provisions contemplated by the statute, but the surety bond contains provisions that are inconsistent with the statute. The liability of the surety company, therefore is to be measured by the terms of its bond, in the absence of controlling contrary provisions of law regulating the subject. See Fid. & Dep. Co. of Md. v. Crane, 178 Ark. 676, 12 So. W. R. (2nd) 872. See also Philip Carey Co. v. Md. Cas. Co., 201 Iowa 1063, 206 N. W. R. 808, 47 A. L. R. 495. See also McCravy et al. v. Dade Co. 80 Fla. 652, 86 So. R. 612.

The Florida statute does not provide for liability of the surety to material men and laborers in cases of this nature, "no matter to whom the bond is made payable, nor what is its amount, nor how it is conditioned;" nor does the statute provide that the surety "shall be liable to judgment or decree on such bond or undertaking as if it were payable and conditioned in all respects as prescribed by law," etc., or to like effect, as do statutes of other States. See Union Indemnity Co. v. Acme Blow & Sheet Metal Works, 150 Miss. 332, 117 So. R. 251.

The bond of the surety company in this case does not by its terms or by reference or otherwise indicate that it was given pursuant to, or for the purposes designed by, the statute; and as the statute does not expressly or impliedly forbid the giving of such a bond as was executed and does not expressly or by intendment make the statutory provisions apply notwithstanding the terms of the bond, the liability of the surety company depends upon the terms of its bond, which do not cover liability for labor, material and supplies used by contractors in the street improvement provided for in the contract with the city. The bond re-

fers to the contract with the city, but the contract contains no promise to pay for material and labor used under the contract.

Affirmed.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.