ANDREWS, Acting Chief Judge.
Plaintiff, J. I. Newton Company, a Florida corporation, appeals a final judgment entered in favor of defendants, Martin Development Company of Cocoa Beach, *465 Incorporated, and Employers’ Liability Assurance Corporation, Limited, pursuant to an order of the trial court dismissing plaintiff’s complaint with prejudice.
Defendant, Martin Development Company, is the owner and general contractor of a subdivision in Brevard County known as Ridge Manor Estates. Plaintiff entered into a contract with defendant, Martin Development Company, for the construction of sewage collection systems in the subdivision.
Martin Development Company entered into an agreement with Brevard County in connection with the recording of a plat of the subdivision covering the obligations of Martin Development Company for the construction of improvements shown on the plat in the nature of roads, streets, sewers and drainage facilities. Pursuant to this agreement Martin Development Company tendered to the county a performance bond guaranteeing the construction of the improvements shown on the plat.
The performance bond provision of the agreement was made in accordance with Laws of Florida, Chapter 31439, Special Acts of 1956, reenacted as Laws of Florida, Chapter 61-1908, Florida Special' Acts of 1961. This special act requires that all streets, roads, alleys and other improvements designated on plats of lands outside municipalities of Brevard County be constructed or security deposited by the owner to ensure their construction as a prerequisite to approval of and recording of such plat.
Section 5 of this special act also authorizes the board of county commissioners to require an owner to furnish to the board a good and sufficient bond conditioned upon the completion of the drainage, sewage, streets, sidewalks, roads, alleys and other improvements shown on the plat within such time as may be required by the board of county commissioners.
The defendant, Employers’ Liability Assurance Corporation, Limited, is the surety on the performance bond.
Plaintiff completed one phase of the work under its contract with defendant, Martin Development Company, and had partially completed its work under the second phase of the contract when Martin Development Company defaulted in its payment to plaintiff.
Plaintiff brought this suit against Martin Development Company as principal and Employers’ Liability Assurance Corporation, Limited, as surety upon the bond issued to Brevard County on the theory that the bond constituted payment bond securing payment to all persons supplying labor and materials in the performance of the work covered by the agreement with Bre-vard County.
Defendants moved to strike certain allegations of the complaint and to dismiss the complaint for failure to state a cause of action. The court granted defendants’ motions with prejudice, and plaintiff brings this appeal.
Plaintiff urges that the bond executed by defendants in favor of Brevard County must be construed in light of F.S.A. § 627.-0905, which requires that a contract bond which insures performance only must be construed to insure payment as well and that the bonds so construed may be enforced for the protection of persons furnishing labor, materials and services under the contract.
Plaintiff’s theory is based upon an erroneous premise: The bond in question is not contract performance and payment bond as that term is ordinarily used. The bond was authorized by a special act which regulates the platting of certain lands within Brevard County. The intended beneficiaries of such bonds are not the owners of the lands upon which the improvements are being constructed nor the persons supplying the labor and materials but rather Brevard County and the general public.
*466 A similar bond was discussed in Lake Sarasota, Inc. v. Pan American Surety Co., Fla.App.1962, 140 So.2d 139. There the court pointed out that the purpose of a bond conditioned upon the construction of all the improvements shown on the plat of the subdivision is to protect the county which would otherwise be required to furnish roads and drainage, to protect the public, and to insure to purchasers the promise of the subdivider to furnish the improvements contemplated in their purchase of a lot in the subdivision.
The limited scope of the bond in question is evinced by the terms of the agreement between Martin Development Company and Brevard County which is made a part of the bond by reference. The agreement incorporates the requirements of the special act, which in turn requires a good and sufficient bond conditioned upon the •construction of all platted improvements, within a specified time plus a guarantee to replace any defects which develop within .one year thereafter of streets, alleys and .other improvements shown on the plat.
The bond also provides in part that: “In the event the Owner shall fail or neglect to fulfill his obligation under this agreement, .the County shall have the right to construct and maintain, or cause to be constructed and maintained, pursuant to public advertisement and receipt and acceptance of bids, .said roads and streets shown on the aforesaid plat, and the Owner as Principal and the surety or sureties shall be jointly and severally liable to pay to and indemnify the -County, upon completion of such construction, the final total cost to the County thereof, including, but not limited to, engineering, legal and contingent costs, together with any damages, either direct or consequential, which the County may sustain on account of the failure of the Owner to carry out and execute all of the provisions of this agreement.”
The above quoted portions of the bond clearly show that the sole beneficiary of this special bond is Brevard County for the purpose of assuring the completion of all the contemplated improvements. Therefore the trial court was correct in dismissing with prejudice plaintiff’s complaint for failure to state a cause of action.
Affirmed.
ALLEN, WILLIAM P., and KANNER (Ret.), Associate Judges, concur.