ANDREWS, Judge.
Plaintiff, Indian River County, appeals a final order dismissing its complaint in an action against Vero Beach Development, Inc., and Continental Casualty Company, defendants.
Vero Beach Development, Inc., owned certain property in Indian River County which it is desired to subdivide. A plat of part of the property was approved by the Board of County Commissioners of Indian River County and recorded on October 5, 1957, as Vero Beach Tropical Gardens, Unit #1.
Effective April 1, 1958, the Board of County Commissioners adopted a resolution regulating the subdivision of land in Indian River County and requiring developers of property to provide storm drainage, streets and other similar subdivision improvements as a condition to placing a plat of record. In October 1960, Vero Beach Development, Inc., submitted a plat for Vero Beach Tropical Gardens, Unit ¡#2, to the county commissioners.
The improvements in Vero Beach Tropical Gardens, Unit ,#1, had not been completed, and as a condition precedent to placing the plat of Unit #2 of record, the county required that in lieu of the completed improvements in both Units #1 and #2 Vero Beach Development, Inc., post a bond in the penal sum of $40,000 pursuant to Section V of the Indian River County Subdivision Regulations.
Section V of these regulations is as follows :
“Upon approval of the preliminary plat, the subdivider may proceed to complete the subdivision and install all of the improvements shown upon the preliminary plat and/or required pursuant to this Resolution and after completion of the same, the final plat shall be prepared and submitted to the County Engineer for approval and recording, or the subdivider may, in lieu of the completion of the improvements, post a bond executed by a surety company authorized to do business in the State of Florida in an amount estimated by the County Engineer to be an amount equal to the cost of construction of all such improvements not completed but contemplated in the preliminary plat and/or contemplated under the provisions of this Resolution. The bond shall be in favor of the County and shall be subject to the condition that all of said improvements will be completed within one year after approval of the final plat and, in the event they are not so completed within that time, the County shall proceed with the work and hold the subdivider and the surety jointly and severally responsible for the cost thereof. As an alternative surety, the subdivider *924 may deposit a certified check or cash with the Clerk of the Circuit Court. * * * ”
The development company, in apparent compliance with said Section V, obtained and filed with the county a surety bond with itself as principal and Continental Casualty Company as surety. The bond' was upon the condition that the “ * * * owner of the property known as Vero Beach Tropical Gardens, Units 1 and 2, Vero Beach, Florida, shall build or cause to be built the streets and drainage shown on the map or plat of said subdivisions accepted by the Board of County Commissioners on the 4th day of October 1960 within twelve months after acceptance of this bond. * * * ”
The improvements required by the subdivision regulations of Indian River County were not completed within the twelve months or any time thereafter, and Indian River County brought suit against the principal and the surety on the bond.
An examination of the subdivision plats referred to in the bond discloses no specifications for streets and only a very sketchy description of a drainage system.
The Continental Casualty Company took the position that there was nothing on the subdivision plats to be done in compliance with the strict obligation under the bond and that it assumed no obligation on behalf of its principal to comply with the subdivision requirements of Indian River County. The trial court in dismissing the complaint held, in effect, that the County could not compel the bonding company to do more than required by the actual terms of the bond which it had accepted.
The bond required by Indian River County is similar to the bond required by Brevard County in connection with its supervision of the development of subdivisions. Such a bond carries no obligation to subcontractors and materialmen but is solely for the purpose of protecting the public through the county by guaranteeing the land developer’s obligation to provide adequate improvements. J. I. Newton Company v. Martin Development Company, Fla.App.1966, 193 So.2d 464. Such a bond is not to be equated with the situation where a contractor was required by the instructions to bidders on a construction contract to provide a specific bond and an entirely different bond was delivered and accepted by the city. City of Ocala, etc. v. Continental Casualty Co., 1930, 99 Fla. 736, 127 So. 326, 77 A.L.R. 8.
The defendant development company and the bonding company assumed an obligation to provide the streets and drainage improvements in the subdivision. In assuming such an obligation they are charged with knowledge of the minimum requirements of the county for the improvements as set forth on the plats and in the subdivision regulations properly adopted by the county. The terms of the bond must be construed to reflect such requirements, thereby establishing an ascertainable obligation. Phoenix Indemnity Company v. Board of Public Instruction, Fla.App.1959, 114 So.2d 478, 481. Otherwise, the bond is a nullity and obligated neither of the parties to do anything.
The complaint states a cause of action. Accordingly, the order of dismissal is reversed.
Reversed.
WALDEN, C. J., and GONZALEZ, JOSE A., Jr., Associate Judge, concur.