249 So.2d 720 (1971)
UNITED BONDING INSURANCE COMPANY, a Corporation, Appellant,
v.
CITY OF HOLLY HILL, a Municipal Corporation, for the Use and Benefit of Mac Martin, D/B/a MARTIN Brick and Sand Company, Appellees.
No. O-121.
District Court of Appeal of Florida, First District.
June 22, 1971.
*721 Fred J. Woods, Jr., of Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, for appellant.
Leon G. Van Wert, Daytona Beach, for appellees.
WIGGINTON, Judge.
Appellant surety company has appealed a summary final judgment rendered in favor of appellee materialman in an action on a contractor's performance bond issued by appellant to the City of Holly Hill, a municipal corporation. The critical question presented for decision is whether this action by the materialman is barred by the statute of limitations and should have been dismissed on the motion of appellant.
The facts in the case are not in dispute. Appellee City of Holly Hill entered into a contract with Rowell Construction Company for the construction of a sanitary sewer system. Under the terms of the contract Rowell was required to furnish a penal bond conditioned upon the faithful performance of the contract and payment to all persons supplying labor, material and supplies used directly or indirectly in the prosecution of the work. In fulfillment of this obligation Rowell procured from appellant, United Bonding Insurance Company, a contractor's performance bond which met the minimum requirements of the contract and further provided additional coverage by agreeing to indemnify and save harmless the obligee city from (a) all costs, expenses and damages, injury or loss by reason of any wrongdoing, misconduct, want or need of care or skill, negligence or default, including patent infringements by the contractor; (b) cost of all fuels, repairs on machinery, equipment and tools used in the construction, including all insurance premiums; (c) all damages, expenses and costs which may arise by virtue of any defects in the work within a period of one year from the date of completion and acceptance of the work by the city; (d) for all labor performed in the work, whether by subcontractors or otherwise.
Appellee use-plaintiff, Martin Brick and Sand Company, furnished certain materials to the contractor Rowell for use in the performance of the contract, for which the company was not paid. More than one year after delivery of the materials furnished, Martin instituted this suit on the performance bond furnished by appellant for recovery of the amount due it by Rowell.
Appellant's entire defense is predicated upon the proposition that the controlling statute relating to suits on performance bonds furnished by sureties in connection with public works contracts requires that suit be instituted on the bond within one year from the performance of the labor or complete delivery of the materials and supplies. Appellant's defense on this ground was stricken by the court and summary judgment rendered against it.
The statute relied upon by appellant to support its position is as follows:
"Bond of contractor constructing public buildings; suit by materialmen, etc. 
"(1) Any person entering into a formal contract with the state, any county of said state, or any city in said state, or any political subdivision thereof, or other public authority, for the construction of any public building, or the prosecution and completion of any public work or for repairs upon any public building, or public work, shall be required, before commencing *722 such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor shall promptly make payments to all persons supplying him labor, material and supplies, used directly or indirectly by the said contractor, or subcontractors, in the prosecution of the work provided for in said contract; and any person, making application therefor, and furnishing affidavit to the treasurer of the state, or any city, county, political subdivision, or other public authority, having charge of said work, that labor, material or supplies for the prosecution of such work has been supplied by him, and payment for which has not been made, shall be furnished with certified copy of said contract and bond, upon which, said person, supplying such labor, material or supplies shall have a right of action, and may bring suit in the name of the state, or the city, county, or political subdivision, prosecuting said work, for his use and benefit, against said contractor, and sureties, and to prosecute the same to final judgment and execution; provided, that such action, and its prosecution, shall not involve the state, any county, city or other political subdivisions, in any expense.
"(2) Any person supplying labor, material or supplies used directly or indirectly in the prosecution of the work to any subcontractor and who has not received payment therefor, shall, within ninety days after performance of the labor or after complete delivery of materials and supplies, deliver to the contractor written notice of the performance of such labor or delivery of such materials and supplies and the nonpayment therefor, and no action or suit for such labor or for such materials and supplies may be instituted or prosecuted against the contractor unless such notice has been given. No action or suit shall be instituted or prosecuted against the contractor or against the surety on the bond required in this section after one year from the performance of the labor or completion of delivery of the materials and supplies."[1] [Emphasis supplied]
Appellant contends that the surety bond issued by it was furnished pursuant to the requirements of the foregoing statute and that it is entitled to the protection afforded by subsection (2) thereof which requires that any suit brought by a materialman against the contractor and surety on the bond be brought within one year from the completion of delivery of the materials. Appellant cites authority for the proposition that under statutes of this kind the time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone  to be treated in such cases as a condition attached to the right to sue, controlling no matter in what form the action is brought.[2]
It is appellees' position, with which the trial court agreed, that the surety bond furnished by appellant is not the statutory bond required by F.S. Section 255.05, F.S.A., which carries the one-year limitation period for bringing actions thereon. Appellees rest their position in this regard on several factors. They point out that nowhere in the bond itself is any reference made to the statute, nor does it contain any provision to the effect that it is furnished pursuant to the requirements of the statute. Appellees also invite attention to the fact that the bond contains no limitation with respect to the time within which a materialman's suit on the bond may be commenced. Appellees argue that the bond furnished by appellant in this case is a common law bond which not only affords the minimum coverage required by F.S. Section 255.05, F.S.A., but grants extensive additional coverage beyond that required by the statute. It is appellees' position that since the bond furnished by appellant is a common law and not a statutory bond, the general statute of *723 limitations applicable to suit on a written contract applies.[3]
The decisions rendered by the courts of this state appear to recognize the distinction between statutory performance bonds issued by sureties in connection with contracts for the construction of public works furnished in accordance with the provisions of F.S. Section 255.05, F.S.A., and common law bonds furnished in connection with such contracts which are not issued in accordance with or for the purpose of complying with the provisions of the statute.
In the case of Thompson Construction Co. v. Southeastern Palm Beach County Hospital District,[4] the Third District Court of Appeal held:
"It is clear that where a surety company executes a penal bond in compliance with or for the purpose of fulfilling a statutory bond requirement, the surety company will be liable for the conditions provided by the statute."
The foregoing conditions include the requirement that suits against the surety company be commenced within the one-year period specified in the statute.
In the case of City of Ocala v. Continental Casualty Company[5] a materialman brought suit against a surety company on a performance bond furnished by it to a contractor in connection with a public improvement project. He sought judgment for the value of materials furnished and used in the performance of the contract. Although the statute then in effect required the city to secure a performance bond from the contractor conditioned upon payment for all labor performed and materials furnished by others, the bond actually furnished by the surety company failed to include such obligation. In holding that the bond furnished in that case was not the type of bond contemplated by the statute and therefore subject to its provisions and limitations, the court said:
"The bond of the surety company in this case does not by its terms or by reference or otherwise indicate that it was given pursuant to, or for the purposes designed by, the statute; and, as the statute does not expressly or impliedly forbid the giving of such a bond as was executed and does not expressly or by intendment make the statutory provisions apply notwithstanding the terms of the bond, the liability of the surety company depends upon the terms of its bond, which do not cover liability for labor, material, and supplies used by contractors in the street improvement provided for in the contract with the city. The bond refers to the contract with the city, but the contract contains no promise to pay for material and labor used under the contract."
In the case of Collins v. National Fire Insurance Company of Hartford[6] the Second District Court of Appeal recognized the distinction between a surety bond embodying a common law undertaking furnished in connection with a public improvement contract and containing such coverage as agreed upon between the obligor and the obligee, and a surety bond furnished in accordance with and for the purpose of complying with the requirements of F.S. Section 255.05, F.S.A., and containing only the minimum coverage required by the statute. In that case the court said:
"The cases of J.B. McCrary Co. v. Dade County, 1920, 80 Fla. 652, 86 So. *724 612; Fulghum v. State, 1926, 92 Fla. 662, 109 So. 644; City of Ocala for Use of Standard Oil Co. v. Continental Casualty Co., 99 Fla. 736, 127 So. 326, 77 A.L.R. 8, and other like cases have consistently held that all bonds for the performance of a contract for the construction of any public work shall contain a provision that the contractor or contractors shall promptly make payments to all persons supplying labor or material in the prosecution of the work provided for in the contract in order to safeguard the laborer and materialman. So it is, unless this condition is contained in the usual penal bond, the obligation of the surety is to secure the performance of the contract for the benefit of the governmental agency and does not afford protection to the laborer or materialman."
In the case of Phoenix Indemnity Co. v. Board of Public Instruction[7] this court considered the question of whether a claim for the cost of premiums incurred by a contractor for workmen's compensation, public liability, and property damage insurance procured in accordance with the requirements of a public improvement contract was covered by the contractor's performance bond furnished to the obligee. The surety company took the position that the performance bond furnished by it was a statutory bond issued for the purpose of complying with F.S. Section 255.05, F.S.A., and was limited to the minimum coverage specified in the statute which did not include costs incurred for insurance premiums. This court disagreed and held that the bond furnished in that case was not a statutory bond as contended by the surety company, but was a common law undertaking to furnish additional coverage over and beyond the minimum required by the statute, which additional coverage included costs incurred by the contractor in procuring the amounts and kinds of insurance required by the public improvement contract. In so holding, this court said:
"* * * And as the bond in suit is conditioned to pay bills for `services' and to complete all `work comprehended by the contract free and clear of all liens for labor or materials, or otherwise,' we are persuaded that it contemplates performances and a guaranty beyond those specifically required by F.S. Section 255.05, F.S.A."
Based upon the foregoing authorities we hold that statutory surety bonds furnished for the stated purpose of complying with the requirements of F.S. Section 255.05, F.S.A., are entitled to the benefits and protection of that statute, including the limitation of one year within which suits by materialmen must be brought against the surety company on its bond. Common law performance bonds issued in connection with the construction of public works which are not furnished in accordance with and for the sole purpose of complying with the requirements of F.S. Section 255.05, F.S.A., are not affected by the time limitation for bringing suits as set forth in the statute. Suits by materialmen or laborers on this type of bond may be instituted within the time limitations prescribed by the general statute of limitations regarding suits on written contracts.
It is our view that had appellant surety company intended that the performance bond which it issued to Rowell be a statutory bond given for the sole purpose of meeting the minimum requirements of F.S. Section 255.05, F.S.A., it would have so provided in the bond itself and specified the time limitation of one year within which suits could be brought against it on the bond as restricted by the statute. By granting extensive coverage in excess of that required by the statute, it is not unreasonable to construe the bond involved herein as a common law undertaking subject to liability at the suit of any materialman if commenced within the time allowed by the general statute of limitations. Any *725 ambiguity which may exist in this regard must be construed against appellant surety company and in favor of granting the broadest possible coverage to those intended to be benefited by the protection of the bond.[8]
We conclude that the trial court did not err in its construction of the bond involved in this case in holding it to be a common law bond not subject to the limitation of actions against it as restricted by F.S. Section 255.05, F.S.A. The judgment appealed is affirmed.
CARROLL, DONALD K., Acting C.J., and SPECTOR, J., concur.
NOTES
[1] F.S. § 255.05, F.S.A.
[2] 119 A.L.R. 255 at 301.
[3] F.S. § 95.11(3), F.S.A.

"Within fire years.  An action upon any contract, obligation or liability founded upon an instrument of writing not under seal."
[4] W.F. Thompson Construction Co. v. Southeastern Palm Beach County Hospital District, (Fla.App. 1965) 174 So.2d 410, 412.
[5] City of Ocala v. Continental Casualty Co., 99 Fla. 736, 127 So. 326, 328.
[6] Collins v. National Fire Insurance Company of Hartford, (Fla.App. 1958) 105 So.2d 190, 197.
[7] Phoenix Indemnity Company v. Board of Public Instruction, (Fla.App. 1959) 114 So.2d 478, 481.
[8] New Amsterdam Casualty Company v. Addison, (Fla.App. 1964) 169 So.2d 877; Griffin v. Speidel, (Fla. 1965) 179 So.2d 569.