OWEN, Judge.
Appellant, a supplier to a subcontractor on a public-works contract, suffered dismissal with prejudice of its suit against the principal and the surety of the contract bond because of the plaintiff’s failure to comply with the notice requirements and time limitations of Fla.Stat. § 255.05(2) (1973).
The facts in this case are substantially identical to those in the case of United Bonding Insurance Company v. City of Holly Hill, 249 So.2d 720 (Fla.App. 1st 1971), with the exception that the plaintiff in this case was a materialman to a subcontractor whereas in the United Bonding case, supra, the plaintiff was a material-man to the contractor. Appellee contends that this is a significant distinction be-^ tween the two cases. However, its argument in support of its contention misses the mark. The issue here, simply stated, is whether the bond in this case was a common-law performance bond and thus, under the holding of the United Bonding case, supra, not subject to the notice requirements and time limitations set out in Fla. Stat. § 255.05(2) (1973), or whether the bond was a statutory bond to which Fla. Stat. § 255.05(2) (1973) applied. The distinction for which appellant contends simply does not affect this issue.
We conclude that the bond in this case was (just as was the bond in United Bonding, supra) a common-law performance bond. The order dismissing without leave to amend Counts I and II of appellant’s first amended complaint is reversed and this cause remanded for further proceedings.
Reversed and remanded.
WALDEN, C. J. and CROSS, J., concur.