355 So.2d 1258 (1978)
SOUTHWEST FLORIDA WATER MANAGEMENT DISTRICT, for the Use and Benefit of THERMAL ACOUSTIC CORPORATION, Appellant,
v.
MILLER CONSTRUCTION CO., INC. OF LEESBURG and the American Insurance Company, Appellees.
No. 77-1060.
District Court of Appeal of Florida, Second District.
March 10, 1978.
Joseph I. Goldstein of Mateer, Harbert, Bechtel & Phalin, Orlando, for appellant.
George H. Russ of Ranston E. Davis, Leesburg, for appellees.
SCHEB, Judge.
The issue presented by this appeal is whether a performance, payment, and guaranty bond delivered to a governmental entity incident to a public works contract was a statutory bond given pursuant to Section 255.05, Florida Statutes (1975), or a more broadly written common law bond.
Appellant/plaintiff Thermal sued appellees/defendants Miller and American, as principal and surety on a bond furnished *1259 incident to a public works contract. Thermal's second amended complaint alleged that Miller contracted to construct a building for the Southwest Florida Water Management District (SWFWMD); that incident to the contract, Miller and its surety American filed a performance, payment, and guaranty bond in a penal sum of $414,407. Thermal alleged that it had not been paid and claimed against the bond for a sum in excess of $12,000 for labor and materials furnished to one of the subcontractors on the project. A copy of the bond and notices of claim were attached to the complaint.
On motion by Miller and American the trial judge dismissed the complaint with prejudice, holding that it failed to state a cause of action for recovery on either a statutory or common law bond. From this order, Thermal appeals. We reverse and hold that Thermal's second amended complaint alleged sufficient ultimate facts to establish a claim under a common law bond, i.e., one which grants coverage in excess of the requirements imposed under Section 255.05.
Since the appellees' bond was furnished incident to a government project, we first examine the bonding requirements imposed by law for work on public works projects. Section 255.05, Florida Statutes (1975) states:
(1) Any person entering into a formal contract with the state or any county, city, or political subdivision thereof, or other public authority, for the construction of any public building for such state, county, city, political subdivision, or public authority ... shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor shall promptly make payments to all persons supplying him labor, material, and supplies, used directly or indirectly by the said contractor or subcontractors in the prosecution of the work provided for in said contract... .
(2) Any person supplying labor, material or supplies used directly or indirectly in the prosecution of the work to any subcontractor and who has not received payment therefor, shall, within ninety days after performance of the labor or after complete delivery of materials and supplies, deliver to the contractor written notice of the performance of such labor or delivery of such materials and supplies and the nonpayment therefor, and no action or suit for such labor or for such materials and supplies may be instituted or prosecuted against the contractor unless such notice has been given. No action or suit shall be instituted or prosecuted against the contractor or against the surety on the bond required in this section after one year from the performance of the labor or completion of delivery of the materials and supplies.
The primary purpose of the statute is to afford additional protection to persons who perform labor or furnish materials to a public works project on which they cannot acquire a lien. Winchester v. State ex rel. Florida Electric Supply, Inc., 134 So.2d 826 (Fla. 2d DCA 1961). But not every bond furnished incident to a public works project falls within the ambit of the statute. Rather, the courts recognize a distinction between a statutory bond issued in connection with such a project and a common law bond. A bond, even though furnished pursuant to a public works contract, will be construed as a common law bond if it is written on a more expanded basis than required by Section 255.05, Florida Statutes (1975). Moreover, ambiguities in the form of such a bond must be construed in favor of granting the broadest possible coverage to those intended to be benefited by its protection. United Bonding Insurance Co. v. City of Holly Hill, 249 So.2d 720 (Fla. 1st DCA 1971).
The bond furnished SWFWMD by Miller and American referred to the construction agreement; however, the bond did not provide that it was furnished pursuant to the statutory requirements for bonds on public works projects, nor did it refer specifically to Section 255.05. No specific *1260 notice requirement, nor time limitations for filing claims or bringing action on the bond as prescribed by the statute were included. Further, the bond, in addition to covering payments, was also written to assure performance of the contract and to guarantee Miller's workmanship for one year after acceptance by the city. Finally, and perhaps most importantly, the class of claimants benefited under the payment portion of the bond included "all persons supplying labor and material in the prosecution of the work... ." This is a more expansive coverage than the statutory requirement that the bond cover "all persons supplying him [contractor] labor, material, and supplies, used directly or indirectly by the said contractor or subcontractors in the prosecution of the work... ." This difference is significant because this statutory language has been construed to limit recovery under a Section 255.05 bond to sub-subcontractors. William H. Gulsby, Inc. v. Miller Construction Co., 351 So.2d 396 (Fla. 2d DCA 1977); North Broward Hospital District ex rel. Southern Insulation Corp. v. Crosewell, 188 So.2d 54 (Fla. 2d DCA 1966). Since the instant bond obviously enlarged upon the statutory language, it provided a broader coverage than does the statute.
In United Bonding Insurance Co. v. City of Holly Hill, supra, a materialman sued the surety on a bond furnished the city by Rowell, as general contractor. The bond was conditioned upon payment to all persons furnishing labor, material, and supplies in the construction of the city's sewer system. The bond was a payment, performance, and guaranty bond. It also provided additional coverage for patent infringement and several other matters. The trial court struck the surety's defense that the suit was barred by the one-year statute of limitations contained in Section 255.05, and the surety appealed. The First District Court of Appeal affirmed, finding that the surety's undertaking was a common law bond and therefore not controlled by the one-year limitation period of Section 255.05. Speaking for the court, Judge Wigginton stated:
It is our view that had appellant surety company intended that the performance bond which it issued to Rowell be a statutory bond given for the sole purpose of meeting the minimum requirements of F.S. Section 255.05, F.S.A., it would have so provided in the bond itself and specified the time limitation of one year within which suits could be brought against it on the bond as restricted by the statute. By granting extensive coverage in excess of that required by the statute, it is not unreasonable to construe the bond involved herein as a common law undertaking subject to liability at the suit of any materialman if commenced within the time allowed by the general statute of limitations. Any ambiguity which may exist in this regard must be construed against appellant surety company and in favor of granting the broadest possible coverage to those intended to be benefited by the protection of the bond. 249 So.2d at 724-25 (footnote omitted).
Just as the United bond provided broader coverage than the statute required, so the bond in the instant case covers a broader class of claimants than is statutorily required. Similarly, neither the United bond nor the instant bond made direct or indirect reference to the statute, nor did either encompass any time limitations for making claims or filing suit. In short, we think the United case is controlling and requires reversal of this case.[1]
One further point merits brief discussion. Appellees Miller and American contend that the trial court properly dismissed Thermal's complaint because the attached notice did not comply with the requisites of Section 255.05(2). The notice requirements of Section 255.05(2) are not binding upon those claiming redress against a common law obligation. See American *1261 Cast Iron Pipe Co. v. Peabody-Petersen Co., 328 So.2d 229 (Fla. 4th DCA 1976). Since we have construed the bond in this case to be common law in nature and not statutory, it is unnecessary for us to address this issue.
Reversed and remanded for further proceedings consistent with this opinion.
GRIMES, Acting C.J., and DANAHY, J., concur.
NOTES
[1] The United case has been specifically recognized by this court in United States Fidelity and Guaranty Company v. North American Steel Corporation, 335 So.2d 18 (Fla. 2d DCA 1976), and by the Fourth District Court of Appeal in American Cast Iron Pipe Co. v. Peabody-Petersen Co., 328 So.2d 229 (Fla. 4th DCA 1976).