372 So.2d 1177 (1979)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, for the Use and Benefit of CONSOLIDATED PIPE & SUPPLY COMPANY, INC., an Alabama Corporation, Appellant,
v.
HOUDAILLE INDUSTRIES, INC., a Delaware Corporation, and Federal Insurance Company, a New Jersey Corporation, Appellee.
No. MM-257.
District Court of Appeal of Florida, First District.
July 18, 1979.
Rehearing Denied August 2, 1979.
*1178 Clyde N. Wells, Jr., Jacksonville, for appellant.
Edward L. Nowak, Jacksonville, for appellee.
ERVIN, Judge.
Does the failure of a performance bond to include specific reference to the notice provisions and time limitations of Section 255.05(2), Florida Statutes (1975), even though the bond required the contractor to comply with the provisions of Section 255.05, make the bond a common law, rather than a statutory bond? We conclude it does not. There is language in United Bonding Ins. Co. v. City of Holly Hill, 249 So.2d 720 (Fla. 1st DCA 1971) and S.W. Fla. Water Mgt. Dist. v. Miller Const., 355 So.2d 1258 (Fla. 2d DCA 1978) indicating that statutory bonds must refer to both the statute creating the bond as well as the limitations periods stated in the statute, but we think such language must be restricted to the facts in those cases which are distinguishable from those here. In both Holly Hill and Miller the performance bonds failed to refer to Section 255.05, failed to contain any limitation with respect to the time within which a suit on the bond could be commenced and, most importantly, granted broader coverage than the minimum required by the statute.
The primary test in ascertaining whether a bond is statutory or one at common law is to determine if the minimum obligation placed upon the principal and his surety by statute has been expanded by the bond. See Fulghum v. State, 92 Fla. 662, 109 So. 644 (1926). Here the bond, while containing no reference to the statutory limitation, specifically cited Section 255.05. Finally, it did not expand the principal's obligation to laborers and suppliers as set forth in the statute. Indeed, the bond practically restated word-for-word the minimum obligation: "[I]f such Contractor shall promptly make a payment to all persons supplying labor, material, equipment and supplies, used directly or indirectly by the said Contractor or any subcontractor(s) in the prosecution of the work provided for in said Contract, ..., then this obligation [shall] be void; ... ."[1]
If any ambiguity arguably existed in the bond,[2] it could hardly be construed against the surety which did not prepare the bond. Appellant Consolidated Pipe and Supply Co., Inc., a supplier to a subcontractor, brought suit in the name of the state for its use and benefit as required by Section 255.05(1). The bond's drafter, the State of Florida and the nominal plaintiff, is the only party that is subject to the rule of strict construction  not the surety.
We conclude that the lower court correctly held the bond was statutory. Since the complaint failed to allege compliance with the one-year time limitation of Section 255.05(2), the lower court's order granting the motion to dismiss is affirmed.
McCORD, Acting C.J., and LARRY G. SMITH, J., concur.
NOTES
[1] Compare the above language with Section 255.05(1), stating that "such contractor shall promptly make payments to all persons supplying him labor, material, and supplies, used directly or indirectly by the said contractor or subcontractors in the prosecution of the work provided for in said contract; ... ."
[2] Section 255.05, Florida Statutes (1975), subsequent to the execution of the bond, was amended by Ch. 77-81, § 1, Laws of Florida, by providing a suggested bond form, which, like the present bond, makes specific reference to Section 255.05, but does not incorporate the statute's notice and time provisions, which remain unchanged.