815 So.2d 715 (2002)
FLORIDA CRUSHED STONE COMPANY, Appellant,
v.
AMERICAN HOME ASSURANCE COMPANY, Appellee.
No. 5D01-1315.
District Court of Appeal of Florida, Fifth District.
April 25, 2002.
Virginia B. Townes, James E. Foster and Karen J. Zagrodny, of Akerman, Senterfitt & Eidson, P.A., Orlando, for Appellant.
Robert E. Morris and David Scott Knight of Robert E. Morris, P.A., Tampa, for Appellee.
Dana G. Toole, of Dunlap & Toole, P.A., Tallahassee, Amicus Curiae, for Florida Transportation Builder's Association, Inc.
HARRIS, J.
This case is the sequel to American Home Assurance Co. v. Plaza Materials Corp., 27 Fla. L. Weekly D1075, ___ So.2d *716 ___, 2002 WL 940144 (Fla. 2d DCA May 10, 2002),[1] in that it involves the same surety and the same "Polk County Parkway" as it extends into our jurisdiction. This time the claimant is Florida Crushed Stone Company (claimant), a company well versed in public work projects.[2] The bond issued in this case is the same bond involved in Plaza Materials and therefore suffers the same deficiency in that although it substantially conforms to the statutorily approved bond form, it fails to include provisions required by subsections (1) and (6) of section 255.05, Florida Statutes. The issue before us then, as it was in Plaza Materials, is what the consequence should be when the bond fails to include certain required information when such failure does not prejudice claimants.
Plaza Materials determined that the consequence of the bond's non-compliance should be that the bond automatically becomes a common law bond, or at least renders the time restrictions in subsection (2) unenforceable, even though no prejudice has resulted from such non-compliance. But as we read section 255.05(4), perhaps the most unambiguous portion of the statute, Florida no longer recognizes a common law payment bond given on a public works project.[3] The payment provisions of all bonds given on a public works project regardless of form, the legislature tells us, shall be construed as statutory bond provisions subject to the requirements of section 255.05(2).[4] We believe that fashioning a remedy which incorporates a "common law payment bond" on this public works project which is not subject to the requirements of subsection (2) is contrary to the express language of the statute. Instead of holding that the bond's non-compliance with the statutory requirements automatically excuses claimants from complying with the provisions of subsection (2), we should recognize that the bond does incorporate these requirements but that a bonding company which has issued a bond which fails to incorporate all statutorily required information may be estopped from asserting the claimant's non-compliance with the provisions of subsection (2) if such non-compliance has resulted from the failure of the bond to contain the information required by the statute.[5] But estoppel requires reliance, either on a misrepresentation of fact or on *717 the failure to receive notice when notice is required, and a detrimental change of position. In our case, the claimant, a major supplier on public works contracts familiar with the intricacies of surety bonding, simply did not prove that its failure to comply with subsection (2) was because of the inadequacies of the notice provisions of the bond.[6]
In Martin Paving, we held that "unless subsection (1) is complied with, subsection (4) does not operate to require the claimant's compliance with subsection (2)." We construe this statement to mean that when neither party has complied with the requirements of section 255.05, we are free to fashion a remedy which does not require compliance with subsection (2) by the claimant if such non-compliance has resulted from the failure of the bond to include the information required by subsections (1) or (6). This statement in Martin Paving does not mean, we suggest, that in all cases in which the bond fails to provide all statutorily required information that the provisions of subsection (2) automatically become inapplicable. This statement was made in recognition of the fact that in Martin Paving the failure to record the bond prevented the claimant from knowing about the bond in order to permit timely compliance. In other words, it would be unfair to insist on the timely performance by the claimant when such non-performance was caused by the failure of the bond to be recorded. This interpretation gives proper weight to all provisions of the statute and seems far more consistent with the intent of the legislature to require both disclosure in the bond and timely performance by the claimant.
This same reasoning, to a point, is present in Plaza Materials. There the court in discussing the trial court's first three findings of non-compliance by the bonding companyfailure to sufficiently describe the company's "business address," failure to adequately describe the property subject to the bond [both required by subsection (1) ], and the fact that the bond secured more than the statute required recognized that the first two simply caused no prejudice and the third did not require the bond to fall outside the requirements of subsection (2). Although the court in Plaza Materials did not expressly rule on the issue because it found the bond's failure to comply with the provisions of subsection (6) dispositive, the implication is that had the bond failed to comply only in regard to the first two findings of the trial court it would have been enforced along with the requirements of subsection (2). If the failure to comply with the requirements of subsection (1) is subject to the requirement of prejudice, and we believe it is, then why is not the failure to comply with the requirements of subsection (6)?
Because appellant failed to comply with the requirements of subsection (2) and because its non-compliance was not due to the non-compliance of the bond, we affirm the trial court's final judgment in this case.
We certify this issue to the supreme court as one of great importance throughout the state.
AFFIRMED.
ORFINGER, R.B., J., concurs.
PETERSON, J., concurs specially, with opinion.
NOTES
[1] The original opinion was withdrawn and modified. See, American Home Assurance Co. v. Plaza Materials Corp., 27 Fla. L. Weekly D571 (Fla. 2d DCA March 8, 2002). This opinion is modified to reflect that change.
[2] Appellant candidly admits that its failure to comply with the requirements of section 255.05(2), Florida Statutes, was not caused by appellee's failure to include the information required by sections 255.05(1) and (6) of said statute in the bond.
[3] Although we held in Martin Paving Co. v. United Pacific Ins. Co., 646 So.2d 268 (Fla. 5th DCA 1994), that there remains a common law bond for those protections which exceed the minimum obligations imposed by statute, such concern is not before us. Here, we are talking about the payment provisions and obligations imposed pursuant to the statute.
[4] The semantical argument between whether there no longer remains a common law payment bond at all or whether there still exists a common law payment bond but its payment provisions are to be construed as statutory provisions subject to the statute's filing requirements and one year statute of limitation seems of little moment.
[5] The requirements of subsection (2) are every bit as mandatory as the requirements of subsection (6). Subsection (6) mandates a final warning; it is not a "get out of jail free" card. Subsection (2) which mandates written notice within 45 days and sets a statute of limitation of one year is itself the first warning. If the claimant knows of the requirements of subsection (2) but does not comply, the fact that the final (redundant) warning does not appear in the bond should not excuse claimant's noncompliance. However, if the claimant is unaware of the requirements of subsection (2) and relies on a bond which does not include the final (fail-safe) warning, then claimant's non-compliance with subsection (2) should not be a defense to the claim.
[6] When specifically asked why the claimant failed to comply with the requirements of the statute its representative responded, "I don't know."