826 So.2d 358 (2002)
AMERICAN HOME ASSURANCE COMPANY, Appellant,
v.
PLAZA MATERIALS CORPORATION, Appellee.
No. 2D00-4404.
District Court of Appeal of Florida, Second District.
May 10, 2002.
Robert E. Morris of Robert E. Morris, P.A., Tampa, for Appellant.
Jamie Billotte Moses and Francis X. Rapprich, III, of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, for Appellee.
Robert E. Biasotti of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., St. Petersburg; and Bruce C. King of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Miami, for Amicus Curiae The Surety Association of America.
ALTENBERND, Judge.
American Home Assurance Company ("American Home") appeals the trial court's final judgment that enforces the claims of Plaza Materials Corporation ("Plaza") against public construction payment and performance bonds issued by American Home. The payment and performance bonds were issued on the Department of Transportation's ("DOT") standard contract bond form XXX-XXX-XX. The *359 trial court determined that the relevant bonds were common law bonds rather than statutory bonds subject to the restrictions of section 255.05(2), Florida Statutes (1995). Because we conclude that the standard DOT contract bond form does not comply with the mandatory notice provisions in section 255.05(6) and that this failure permits claims to be enforced under the rules applicable to common law bonds, we affirm.
This case arises out of the public construction of the Polk Parkway by the DOT. The Polk Parkway was built in sections, and each section apparently had its own contract documents. This case concerns the bonds issued for sections 3A, 3B, and 6A. For all relevant sections of the Polk Parkway, the DOT was the owner, who contracted with Cone Constructors, Inc. ("Cone"), as the general contractor. Cone subcontracted certain work to Fulton Construction ("Fulton"), and Fulton obtained materials from Plaza. The DOT paid Cone for certain work. Allegedly, Cone paid Fulton in full and received a general release in favor of itself and American Home, as surety. However, Fulton did not pay Plaza. Thereafter, both Fulton and Cone filed for bankruptcy protection. As a result, Plaza sought payment from the bond. Plaza, however, did not comply with all of the notice and time requirements contained in section 255.05(2) when perfecting these claims.
Section 255.05 is often referred to as the Little Miller Act ("the Act"). See Delduca v. United States Fid. & Guar. Co., 357 F.2d 204, 208 (5th Cir.1966). The Act generally requires a statutory payment and performance bond on all significant public construction projects. See § 255.05(1)(a). Section 255.05(1)(a) specifically describes the content of such a bond, requiring that this recorded bond "state the name and principal business address of both the principal and the surety and must contain a description of the project sufficient to identify it." Statutory bonds are subject to many notice and time requirements that are contained in section 255.05(2). Case law prior to 1980 established that statutory bonds did not abolish common law bonds, which were not subject to the same notice and time requirements. See, e.g., Southwest Fla. Water Mgmt. Dist. v. Miller Constr. Co., 355 So.2d 1258 (Fla. 2d DCA 1978); Am. Cast Iron Pipe Co. v. Peabody-Petersen Co., 328 So.2d 229 (Fla. 4th DCA 1976).
In 1980, the legislature amended the Act to add two significant provisions. See ch. 80-32, § 1, Laws of Fla., as codified in § 255.05(4), (6). Section 255.05(4) currently states:
(4) The payment provisions of all bonds furnished for public work contracts described in subsection (1) shall, regardless of form, be construed and deemed statutory bond provisions, subject to all requirements of subsection (2).
Section 255.05(6) currently states:
(6) All bonds executed pursuant to this section shall make reference to this section by number and shall contain reference to the notice and time limitation provisions of this section.
The 1980 amendments to the Act, and the difficulties one has in reconciling the standard DOT form contract bond to the requirements of the Act, were extensively discussed by Judge Griffin in Martin Paving Co. v. United Pacific Insurance Co., 646 So.2d 268 (Fla. 5th DCA 1994). The three bonds involved in this case, which are very similar to the bonds involved in Martin Paving,[1] were all issued long after *360 the Fifth District's opinion in Martin Paving. Thus, American Home was on notice of the problems and concerns with the DOT form when it attached its power of attorney to the standard document.
The trial court concluded that the bonds in this case were common law bonds rather than statutory bonds and that therefore American Home could not enforce the restrictions contained in section 255.05(2). The court did so for four reasons. First, the bonds described American Home's "business address" as "New York, N.Y." The trial court believed that a bond must state the complete street or mailing address of the surety. We note, however, that no one suggested that Plaza had difficulty making a claim because this major insurance company listed only the city and state of its primary office.
Second, the trial court concluded that the bonds did not contain an adequate description of the project. Each bond identified the project by its State Project Job Number and provided a description such as "From 1.9 Miles East of SR 572 to 0.6 Mile East of Harden." Again, no one suggested that Plaza was confused about the locations to which it delivered materials.
Third, the trial court concluded that the bonds contained more expansive payment and performance requirements than those required by section 255.05(1). For example, the bonds secured the contractor's obligation to promptly pay all State Workers' Compensation and Unemployment Compensation taxes incurred in the performance of the contracts and the contractor's liability for double the damage caused by the contractor's fraud or overcharge. However, in light of the language in section 255.05(4), which the legislature added in 1980, we are not convinced that the additional payment or performance obligations in this bond necessarily caused the payment provisions required by the Act to fall outside the notice and time requirements contained in section 255.05(2).
Although we have considerable doubt that the first three reasons announced by the trial court are sufficient to transform the bonds from statutory to common law, we are not required to reach these issues because the fourth reason announced by the trial court is dispositive. In its fourth reason, the trial court concluded that the bonds violated section 255.05(6) because they made no reference to the notice and time limitations of section 255.05(2). There can be no dispute that the DOT bond does not "contain reference to the notice and time limitation provisions of [section 255.05]." This is a mandatory requirement of subsection (6).[2]
Section 255.05(4) requires that the "payment provisions" be deemed statutory and subject to all the requirements of subsection (2). Even if this statutory language subjects the additional, broader coverage of a common law bond to the requirements of subsection (2), as was suggested by the Fifth District in Martin Paving, 646 So.2d *361 at 270, this language does not permit American Home to issue a bond in violation of subsection (6). If anything, the justification for "deeming" a bond subject to the subsection (2) requirements rests in the fact that the bond informs the claimant of these requirements. Accordingly, we conclude that a surety that issues a bond that does not contain notice of the restrictions as required by subsection (6) is simply not entitled to enforce those restrictions. To this extent, the violation of subsection (6) transforms the statutory bond into a common law bond, or at least renders the time restrictions in subsection (2) unenforceable.
We recognize that our opinion does not require Plaza to prove that it was misled or confused by the failure of American Home to comply with subsection (6) in order to receive a longer claims period. We conclude that the legislature added the notice requirement in subsection (6) to eliminate the cost and necessity of litigating complex issues of waiver or estoppel. American Home had the opportunity to demand that DOT utilize a bond form that complied with subsection (6). It chose not to do so. Under these circumstances, we conclude that the better rule is to permit the longer claims period without requiring claimants to prove that they were misled by the statutory violation.
The DOT standard contract bond form is the subject of ongoing litigation throughout the state. Trial courts have reached various outcomes concerning the issues addressed in this opinion. Because it is important that all courts apply the law to this standard form in a timely and uniform manner, we certify the following question as a matter of great public importance:
IF A STATUTORY PAYMENT BOND DOES NOT CONTAIN REFERENCE TO THE NOTICE AND TIME LIMITATION PROVISIONS OF SECTION 255.05, AS REQUIRED BY SECTION 255.05(6), ARE THOSE NOTICE AND TIME LIMITATIONS NEVERTHELESS ENFORCEABLE BY THE SURETY, OR IS THE CLAIMANT ENTITLED TO RELY UPON THE NOTICE AND TIME LIMITATIONS APPLICABLE UNDER THE COMMON LAW?
Affirmed; question certified.
NORTHCUTT and DAVIS, JJ., Concur.
NOTES
[1] The forms involved in this case contain codes indicating that they were created by the DOT's Office of the General Counsel in December 1995. Thus, these forms were created about one year after the opinion in Martin Paving Co., 646 So.2d 268, was issued. The forms in this case are essentially identical to the forms used in Martin Paving. The only difference between the forms is that in addition to referring to section 255.05, Florida Statutes (1993), the bond form in Martin Paving referenced a repealed statute, section 337.13, Florida Statutes (1975). 646 So.2d at 270. The form in this case referenced a current statute, section 337.18, Florida Statutes (1995).
[2] We note, as did the court in Martin Paving, that the suggested form for a statutory bond contained in the statute itself fails to contain this mandatory provision. See § 255.05(3), Fla. Stat. (2001).