834 So.2d 369 (2003)
AMERICAN HOME ASSURANCE COMPANY, Appellant,
v.
APAC-FLORIDA, INC., a Delaware corporation, Appellee.
No. 2D01-4613.
District Court of Appeal of Florida, Second District.
January 10, 2003.
Robert A. Bauman of Robert E. Morris, P.A., Tampa, for Appellant.
*370 Dana G. Toole of Dunlap & Toole, P.A., Tallahassee, for Appellee.
ALTENBERND, Judge.
The defendant, American Home Assurance Company, appeals a final summary judgment entered in favor of the plaintiff, APAC-Florida, Inc. The judgment enforces the claims of APAC-Florida, Inc., against public construction payment and performance bonds issued by American Home. The payment and performance bonds were issued on the Department of Transportation's standard contract bond form XXX-XXX-XX. This court has held that a surety may not invoke the notice requirements and the shorter statute of limitations provided in section 255.05(2), Florida Statutes (1995), if it agrees to be surety on a bond that fails to comply with the mandatory notice provisions in section 255.05(6). See Am. Home Assurance Co. v. Plaza Materials, 826 So.2d 358 (Fla. 2d DCA 2002).
If a bond violates the mandatory notice provisions, it is governed by the longer statute of limitations in section 95.11, Florida Statutes (1995). Although this result is sometimes described as treating the bond as a "common law bond," in this situation, it merely subjects the bond to the more general statute of limitations because the bond did not contain the notice essential to invoke the more favorable requirements. We do not believe that the surety should be entitled to force claimants to participate in a jury trial on the issue of whether the omission in the bond misled them when the surety could have avoided the entire issue by requiring a bond in compliance with the notice provisions. We certify that our decision conflicts with that of the Fifth District in Florida Crushed Stone Co. v. American Home Assurance Co., 815 So.2d 715 (Fla. 5th DCA 2002).
Affirmed.
CASANUEVA and DAVIS, JJ., Concur.