PER CURIAM.
Apac-Florida, Inc. appeals an adverse summary judgment in its action against a *127 payment bond. We conclude that the action is not time-barred, and remand for further proceedings.
The question presented is whether the appellee surety may rely on the shortened statute of limitations for a bond issued under section 255.05, Florida Statutes (1997), where the bond was not filed in the public records as required by the applicable statute. We conclude that there must be strict compliance with the statute, and that the surety cannot avail itself of the shortened limitation period.
The Miami-Dade County School Board entered into a contract with a general contractor, Pass International, Inc., for construction of improvements at a school. Under section 255.05, Florida Statutes (1997), the general contractor was required “to execute, deliver to the public owner, and record in the public records of the county where the improvement is located, a payment and performance bond with a surety....” Id. § 255.05(1)(a). In November 1997 the surety issued the bond, but it was not recorded in the public records.[1]
Apac was a subcontractor on the job and was not paid by the general contractor. Apac brought suit against the surety.
The surety moved for summary judgment because the lawsuit was not filed within the one-year period provided by subsection 255.05(2), Florida Statutes (1997). Apac opposed the motion, arguing that the surety had failed to comply strictly with section 255.05, because the bond was not filed in the public records. The surety contended that Apac had actual knowledge of the bond prior to the expiration of the one-year period, and thus was not harmed by the fact that the bond had not been recorded in the public record. The trial court granted summary judgment in favor of the surety, and Apac has appealed.
Respectable arguments can be made on both sides of the question now before us. Compare American Home Assurance Co. v. Plaza Materials Corp., 826 So.2d 358 (Fla. 2d DCA 2002), review granted, 842 So.2d 842 (Fla.2003), and American Home Assurance Co. v. Apac-Florida, Inc., 834 So.2d 369 (Fla. 2d DCA 2003), notice to invoke discretionary jurisdiction filed, No. SC03-207 (Fla. Feb. 6, 2003), with Florida Crushed Stone Co. v. American Home Assurance Co., 815 So.2d 715 (Fla. 5th DCA 2002).
In our view, the requirement to file the bond in the public records is an important component of the statute and must be strictly enforced. If the surety wants to take advantage of the shorter statute of limitations provided in subsection 255.05(2), the surety must see to it that filing takes place in accordance with the requirements of the statute. As the Second District said in an analogous context, “we conclude that the better rule is to permit the longer claims period without requiring claimants to prove that they were misled by the statutory violation.” American Home Assurance Co., 826 So.2d at 361.
The effect of our ruling is that this bond will be treated as a common law bond rather than a statutory bond. See id. at 358-59. Since a common law bond has a longer claims period, see id., the lawsuit is not time barred.[2] We therefore reverse *128 the summary judgment and remand for further proceedings consistent herewith.
Reversed and remanded.

. The bond was issued by appellee's predecessor in interest, General Accident Insurance Company of America.

. The parties have stated that in 2001 the Legislature amended the statute of limitations to provide for a uniform one-year limitation period for actions to enforce a claim against a payment bond. See ch.2001-211, § 2, Laws of Fla. (amending § 95.11(2)(b), (5)(e), Fla. Stat.). The parties agree that the 2001 amendments are not applicable to this case, *128 so the interpretation of the 2001 amendments is not before us.