SWANN, Judge.
This is an appeal from a summary judgment as to liability, and a final judgment ás to damages, against a contractor, and •his surety, on a labor and material payment bond.
The appellant, W. F. Thompson Construction Co., Inc., and United States Fidelity and Guaranty Company, were the defendants below, and Southeastern Palm Beach County Hospital District, and Miami Tile & Terrazzo, Inc., appellees herein, were plaintiffs.
On or about April 10, 1962, plaintiff, Southeastern Palm Beach County Hospital District, entered into a contract with defendant, contractor W. F. Thompson Construction Co., Inc., to construct certain improvements on the premises of the plaintiff.
Thereafter, the contractor, as principal, and United States Fidelity and Guaranty Company,. as surety, executed two bonds in connection with the contract for improvements at the hospital. The bond in question, was conditioned upon the prompt payment of all persons for labor and material used or reasonably required for the performance of the contract.
On August 20, 1963', Southeastern Palm Beach County Hospital District filed suit on the payment bond for the use and benefit of Miami Tile & Terrazzo, Inc., who supplied certain materials to a sub-contractor who defaulted.
The defendants answered, alleging that the sub-contractor was paid in full; that they received a full release of lien setting forth that all materials and labor furnished for said construction had been paid in full; that the plaintiffs failed to comply with the provisions of the bond, namely that the construction was completed prior to January 1, 1963, and they failed to give written notice within the period provided, as a condition precedent to legal action.
The pertinent provisions of the bond stated:
“(3) No suit or action shall be commenced hereunder by any claimant,
“(a) Unless claimant shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served *412 by mailing the same by registered mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made by a public officer. (Emphasis supplied).
“(b) After the expiration of one (1) year following the date on which Principal ceased work on said Contract.”
* * * * * *
The plaintiffs did not allege or claim compliance with these provisions of the bond, but took the position that the ninety day provision was repugnant to Section 255.05, Florida Statutes, F.S.A., as written before its amendment in 1959. The defendant argued that because of the ninety day notice provision in the bond, the plaintiff was barred from recovery on said bond because of the fact that no notice had been given. Both parties moved for summary judgment. Judgment was entered, as to liability, for the plaintiffs.
The Court held, inter alia:
“3. That the limitation provision contained in Paragraph (3) (a) and (b) of said bond are not applicable to the plaintiff herein and are mere surplus-age in view of the applicable provisions of Florida Statute 255.05, as said Statute read on the 10 day of April, 1962.
“4. That there is a genuine issue as to a material fact, to-wit: the amount owing to the plaintiff on account of its contract with Metro-Stewart, Inc. and whether any of said materials were furnished for and in connection with the construction of the work covered by the bond herein.”
* * * * * *
The canse proceeded to trial on damages and final judgment was thereupon entered. This appeal was thereafter timely perfected.
The plaintiffs urge there was ample evidence before the court establishing that the bond was, in fact, posted pursuant to Section 255.05 Florida Statutes, F.S.A., in that the contract for construction was with Southeastern Palm Beach County Hospital District, a political subdivision of the State of Florida, and that Section 255.05 requires such a penal bond to be posted by:
“(1) Any person entering into a formal contract with the state, any county of said state, or any city in said state, or any political subdivision thereof, or other public authority, for the construction of any public building, or the prosecution and completion of any public work or for repairs upon any public building, or public work, shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor shall promptly make payments to all persons supplying him labor, material and supplies, used directly or indirectly by the said contractor, or subcontractors, in the prosecution of the work provided for in said contract; * * * ”
* * * * * *
It is clear that where a surety company executes a penal bond in compliance with or for the purpose of fulfilling a statutory bond requirement, the surety company will be liable for the conditions provided by the statute.
In the case of the City of Ocala v. Continental Casualty Co., 1930, 99 Fla. 736, 127 So. 326, 77 A.L.R. 8, the action was against the contractor’s surety and the contractor to recover for material and services rendered to the contractor in connection with street improvements. The Supreme Court stated:
“ * * * If a surety company executes a penal bond purporting in terms *413 or in substance or by sufficient reference to be in accordance with or for the purpose of complying with the requirements of the statute in cases of such contracts, as to 'additional obligations that such contractor shall promptly make payments to all persons supplying him labor, material and supplies used directly or indirectly in the prosecution of the work provided for in the contract,’ the surety company will be liable as provided by the statute. Fulghum v. State, 92 Fla. 662, 109 So. 644.”
In Collins v. National Fire Insurance Co. of Hartford, Fla.App.1958, 105 So.2d 190, the court following Continental Casualty Co., supra, stated:
“In the Ocala case the bond contained no language to meet the requirement to protect the laborers or materialmen, nor was there language in the contract to fulfill this deficiency. However, it is clearly indicated that where a surety company executes a penal bond which appears by sufficient reference to be in compliance with or for the purpose of fulfilling the statutory bond conditions designed to protect laborers and materialmen in cases of public improvement, the surety company will be liable as provided by statute.”
Prior to 1959, there were no notice provisions contained in Section 255.05. In 1959, the Florida Legislature amended Section 255.05 by adding a paragraph with a similar notice provision, and a one year limitation for bringing suit similar to the one contained in the bond. See Chapter 59-491, Laws of Florida.
However, the Supreme Court of Florida in Auto Owners Ins. Co. v. Hillsborough County Aviation Authority, Fla.1963, 153 So.2d 722, struck down the 1959 amendment as unconstitutional because of the legislature’s failure to comply with Article 3, Section 16 of the Florida Constitution, F.S.A. The Supreme Court held that the 1959 amendatory act failed to re-enact or publish at length the section of the Statute which was being amended and therefore the provision of the amendment was unconstitutional.
As indicated, plaintiff’s cause of action arose in 1962 at a time when the second paragraph of Section 255.05 was unconstitutional, due to a procedural defect in the passage of the act, rather than a substantive defect. It remained unconstitutional until the defect pointed out by the Supreme Court was cured by the Florida Legislature in 1963 when House Bill No. 1601, Chapter 63-437, Laws of Florida, was enacted.
Defendant’s argument is based upon two contentions, first, that the Statute did not prohibit the inclusion in the bond of a notice provision and second, that the bond was accepted by the Hospital District, thereby making the notice and limitation provisions valid.
The fact that the public authority accepted the bond does not in any way affect its validity. Although the bond may be valid, those provisions which are repugnant to the statute can be rejected. See 12 Am.Jur.2d, Bonds, § 7, p. 483, wherein it is stated:
“The validity of a bond purportedly given in compliance with a statute which meets the requirements of the statute is not affected nor is its nature changed by the inclusion in the bond of separable conditions which are neither authorized by nor repugnant to the statute. Unless the statute expressly or by necessary implication declares such a bond void as a whole, conditions which are not authorized or which are repugnant to the statute may be rejected as surplusage. The residue may be sustained as a good statutory bond pro tanto, the rule being the same as that applied to common-law bonds part-by good and partly bad. In some jurisdictions this principle is adopted by statutory declaration.”
The plaintiff’s cause of action was not limited by any conditions, other than those *414 imposed in ■ the bond and each' provision should be considered individually. In City of Ocala v. Continental Casualty Co., supra, the court states:
“The bond of the surety company in this case does not by its terms or by reference or otherwise indicate that it was given pursuant to, or for the purposes designed by, the statute; and, as the statute does not expressly or impliedly forbid the giving of such a bond as was executed and does not expressly or by intendment make the statutory provisions apply notwithstanding the terms of the bond * * ”
The trial court in its order on motions for summary judgment referred to the provision contained in Paragraph (3J(a) and (b) as a “limitation provision”.
Paragraph (3) (b) is definitely a “limiting” provision and the surety’s attempt to limit the time within which suit could be brought would be less than the applicable Florida Statute of Limitations. At the time plaintiffs’ action accrued, the time within which suit could have been brought on a contract under seal was twenty years. Section 95.03, Florida Statutes, F.S.A., provides:
“All provisions and stipulations contained in any contract whatever entered into after May 26, 1913 fixing the period of time in which suits may be instituted under any such contract, or upon any matter growing out of the provisions of any such contract, at a period of time less than that provided by the statute of limitations of this state, are hereby declared to be contrary to the public policy of this state, and to be illegal and void. No court in this state shall give effect to any provision or stipulation of the character mentioned in this section.”
Paragraph (3) (b) of the bond is therefore invalid as it was an attempt to shorten the Statute 'of Limitations and against the public policy of the State of Florida as expressed by the Legislature. See Schluter v. National Union Fire Ins. Co. of Pittsburgh, Fla.App.1962, 144 So.2d 95.
In view of the foregoing, the sole question remaining before this court is whether or not a surety could impose a condition of notice on a payment and performance bond as required in Paragraph (3) (a).
Paragraph (3) (a) requiring the claimant to provide written notice within ninety days after performance is a “notice” provision, and it clearly does not limit, the time in which a suit can be brought in any way, provided notice was given that performance was completed.
Provisions requiring that notice be given are not against public policy as we have similar provisions in the Mechanics’ Lien Law, Section 84.061(2), Florida Statute, F.S.A., and Section 255.05 today requires that notice be given within an identical period.
 The plaintiffs admitted that they did not comply with the provision which required notice to be given pursuant to the conditions of the bond. The failure of the plaintiffs to comply with that condition should therefore bar their cause against the defendant. A provision to give notice of default is, of course, valid provided it is reasonable, and is a condition precedent to an action so based. See United States Fidelity & Guaranty Co. v. Gray, 1925, 106 Old. 222, 233 P. 731; Knight & Jillson Co. v. Castle, 1909, 172 Ind. 97, 87 N.E. 976, 27 L.R.A., N.S., 573; Jenkins v. Gordy, 1962, 105 Ga.App. 255, 124 S.E.2d 303.
It is the opinion of this court that the notice provision was reasonable and a necessary condition precedent; it was therefore error to enter the summary judgment for plaintiff on the question of liability, and the judgment appealed from is therefore reversed.
HENDRY, J., dissents.