342 So.2d 132 (1977)
The HAWAIIAN INN OF DAYTONA BEACH, INC., Appellant,
v.
H. Clinton DUNN et al., d/b/a Dunn Lumber & Supply Company, Appellees.
No. DD-295.
District Court of Appeal of Florida, First District.
February 11, 1977.
*133 William M. Barr of Raymond, Wilson, Conway, Barr & Burrows, Daytona Beach, for appellant.
Richard W. Withers of Becks & Becks, Daytona Beach, for appellees Dunn and others; and S. LaRue Williams of Kinsey, Vincent, Pyle & Williams, Daytona Beach, for appellee Am. Employers' Ins. Co., Daytona Beach.
SMITH, Judge.
We previously decided another aspect of this litigation. Snead Construction Corp. v. First Federal Savings & Loan Ass'n of Orlando, 342 So.2d 517 (Fla. 1st DCA, 1976). The owner of three motel projects now prosecutes an interlocutory appeal from a circuit court order reinstating it as a party defendant to mechanics' lien foreclosure proceedings by certain material suppliers. Chapter 713, Florida Statutes (1975). By cross-appeal, the suppliers complain of the trial court's order insofar as it dismissed their action against appellee American Employers' Insurance Co., surety on the contractor's payment bonds, on grounds the suppliers' claims against those bonds were not asserted within one year after completion of delivery of the materials supplied. Section 713.23.
On December 5, 1975, the circuit court dismissed the suppliers' complaint for lien foreclosure against the owner, on grounds the contractor had provided payment bonds for the protection of suppliers of labor and material to the projects and, therefore, the owner and its property were exempt from the claims of liens of suppliers. Sections 713.02(6), 713.23. On August 25, 1976, the trial court found in effect that the suppliers did not timely assert claims against the payment bonds and so lost their rights against the contractor's surety.[1] The trial court held it was therefore appropriate to reinstate the suppliers' foreclosure action against the previously-dismissed owner and its property.
The owner contends on appeal that the trial court erred in two respects in its order reinstating the suppliers' action: first, because the failure of the suppliers' action on the payment bonds, resulting from untimely prosecution, could not revive the suppliers' liens against the owner and its property; and second, because the trial court's order dismissing the owner on December 5, 1975 was conclusive between the parties and not subject to reversal by the trial court several months later. We agree on both counts.
Pursuant to contract with the owner, the contractor supplied bonds entitled "labor and material payment bonds" which were intended to and did substantially comply with Section 713.23. To the minor extent the bonds purported to restrict statutory conditions, the bonds are properly considered as having been brought into full compliance by the statute they were intended to satisfy. Guin & Hunt, Inc. v. Hughes Supply, Inc., 335 So.2d 842 (Fla. 4th DCA 1976); Houdaille Industries, Inc. v. United Bonding Ins. Co., 453 F.2d 1048 (5th Cir.1972). The suppliers make no claim that any irregular restriction in the conditions of the bonds accounts for their loss of bond protection, which resulted only from their failure to sue within a year. The conditions of the bonds were not broader and more protective than the statute required. Therefore the suppliers' contentions on cross-appeal that the bonds were common law and not statutory bonds, subject to a more generous period of limitation on actions, must fail. Contrast United Bonding Ins. Co. v. City of Holly Hill, 249 So.2d 720 (Fla. 1st DCA 1971).
The trial court's order reinstating the suppliers' action against the owner and his property is based on the conception that *134 a payment bond provided under Section 713.23 exempts the owner and his property from lien foreclosure only if the suppliers pursue and obtain their remedies on the bond. Because by delay the suppliers lost their bond claims, they urge it is appropriate that their prior statutory remedy of foreclosure be reinstated. The suppliers point out that while an action on a payment bond provided under Section 713.23 must be brought within one year after completing delivery, suppliers have 90 days plus one year from completing delivery to claim a lien and sue for foreclosure under Sections 713.08(5) and 713.22. Thus the suppliers' argument would on every bonded job subject the owner to revived liability to foreclosure for a period of up to 90 days after termination of the surety's bond liability. We cannot consent to that result. Section 713.02(6) provides:
"In any direct contract the owner may require the contractor to furnish a payment bond as provided in s. 713.23 and upon receipt of such bond the owner shall be exempt from the other provisions of [the mechanics' lien law]... ."
The exemption so provided is permanent, not transitory. It is not forfeited by the suppliers' failure to secure their remedies against the bond.
When the trial court on December 5, 1975, dismissed the suppliers' foreclosure action against the owner because of the Section 713.02(6) exemption, that order was a final and appealable judgment. Shute v. Keystone State Bank, 159 So.2d 106 (Fla. 1st DCA 1963). Absent grounds for disturbing that judgment under Fla.R.Civ.P. 1.540, of which there were none, the trial court could not properly rejoin the owner for resumed litigation several months later.
The trial court's order is REVERSED, insofar as it rejoined appellant as a party and restored the suppliers' foreclosure suit; and it is AFFIRMED insofar as it dismissed the suppliers' action on the bond of appellee American Employers' Insurance Co.
RAWLS, Acting C.J., and ERVIN, J., concur.
NOTES
[1] Section 713.23 provides in part: "No action or suit shall be instituted or prosecuted against the contractor or against the surety on the bond required in this section after 1 year from the performance of the labor or completion of delivery of the materials and supplies."