347 So.2d 825 (1977)
CARNIVAL CRUISE LINES, INC., Appellant,
v.
FINANCIAL INDEMNITY COMPANY, Appellee.
No. 76-1267.
District Court of Appeal of Florida, Third District.
July 6, 1977.
Weithorn & Mazloff and Howard W. Mazloff, Coral Gables, for appellant.
Leland E. Stansell, Jr., and Robert A. Glassman, Miami, for appellee.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant, Carnival Cruise Lines, Inc., plaintiff in the trial court, seeks reversal of a final judgment for the defendant, Financial Indemnity Company, entered pursuant to Financial's motion for directed verdict at the close of Carnival's case in an action to recover on a surety bond.
The issue presented for our determination is whether the obligee has the burden to *826 show lack of prejudice to the surety or whether the duty devolves upon a compensated surety to plead and prove prejudice as a result of the failure of the obligee to give timely notice to the surety of the principal's default as required under the terms of the bond in question.
Carnival Cruise Lines in 1974 entered into an agreement with Caribbean Travel Center, Inc., whereby Carnival appointed Caribbean as an agency for the sale of an allotted number of passenger spaces on the luxury cruise ship T.S.S. Mardi Gras. Caribbean was a wholesaler which sold air/sea and land travel packages to other travel agents or individuals and paid Carnival for the cruise portion of the package. Carnival required Caribbean to provide a bond to secure any monies due and Caribbean executed a $25,000 surety bond with the defendant-appellee, Financial Indemnity Company. The bond required Carnival to furnish notice to Financial within 10 days "after any condition comes to the attention of the obligee[1] that would cause a claim under the terms of the bond."
In December 1974 Caribbean had failed to remit over $25,000 due Carnival; but the parties worked out an arrangement whereby Caribbean agreed to a delayed payment schedule of $2,000 per week. Carnival did not notify Financial of Caribbean's default in payments and continued to do business with Caribbean on a current basis while Caribbean was making the delayed payments which reduced the outstanding balance to approximately $3,000. In April 1975 Caribbean again failed to remit monies to Carnival and another delay in payment was agreed to. Upon learning that Caribbean was contemplating bankruptcy, Carnival on the following day, June 19, 1975, sent a telegram to Financial demanding that Financial pay it $25,000 pursuant to the bond. Financial answered that Carnival had failed to give it timely notice and, therefore, was not obligated under the bond. The cause proceeded to a jury trial and at the close of Carnival's case, Financial moved for a directed verdict on the ground that Carnival did not give timely notice and failed in its burden to demonstrate that Financial was not prejudiced thereby. The court granted the motion and entered final judgment for Financial. We reverse.
There is no question that Financial is a compensated surety in the business of writing bonds for profit. The established law with respect thereto is that actual damage resulting from failure to give notice must be pled and proved as a defense, and that failure to give a compensated surety notice of a principal's default as required in the bond does not relieve the surety where the failure results in no loss to it. See Maule Industries, Inc. v. Gaines Const. Co., 157 So.2d 835 (Fla. 2d DCA 1963); Plowden & Roberts, Inc. v. Conway, 192 So.2d 528 (Fla. 4th DCA 1966) and 30 Fla.Jur. Suretyship and Guaranty §§ 21, 22 (1974).
Having raised the defense of untimely notice in its answer, Financial had the burden of proving prejudice as a result thereof.
Accordingly, the final judgment entered pursuant to the directed verdict for Financial is reversed and the cause is remanded for a new trial.
Reversed and remanded.
NOTES
[1] Carnival