360 So.2d 451 (1978)
E.E. DEAN SNAVELY, INC., et al. and American Insurance Company, Appellants,
v.
Billy SULLIVAN et al., Appellees.
No. JJ-124.
District Court of Appeal of Florida, First District.
June 26, 1978.
Rehearing Denied July 28, 1978.
*452 Frank M. Gafford, Lake City, Alan B. Fields, of Dowda & Fields, Palatka, for appellants.
F.D. McKnight, of Yergey, Yergey & McKnight, Orlando, for appellees.
ERVIN, Justice.
Snavely, a general contractor and its surety, American Insurance Company, filed their interlocutory appeal from an order denying motions for partial summary judgment and dismissal. Snavely contracted with one Rogers to construct a retail shopping center in Live Oak, Florida. Snavely, through its surety, furnished Rogers a payment and performance bond in accordance with Section 713.23, Florida Statutes (1977). The bond was in the face amount of the construction contract between Snavely and Rogers, or $1,458,752.00. In June, 1974, Snavely executed a written contract with its subcontractor, Moody, d/b/a as Moody Brothers and Georgia Refrigeration Service. In December, 1974, Moody and his laborer, Sullivan, entered into an agreement for Sullivan to perform work for Moody, which work was terminated the same month. The contract went into default between Snavely and Rogers which resulted in defaults as to the other parties. Sullivan filed a claim of lien pursuant to Section 713.08, Florida Statutes (1977), on March 7, 1975. Sullivan filed suit against Moody, Snavely and Rogers on March 2, 1976.
On April 9, 1975, Moody filed his claim of lien in accordance with Section 713.08, but did not file suit until he was permitted to be added as a party plaintiff to Sullivan's amended complaint on September 15, 1976. On August 29, 1975, Moody formed a Georgia Corporation, Moody and Moody, Inc., which performed work on the shopping center in October, November and December of 1975, and according to Moody, as late as April, 1976, upon the request of the owner. Snavely and American moved for partial summary judgment or, in the alternative, dismissal as to counts III and IV of the amended complaint, which was denied. Sullivan and Moody are joint plaintiffs as to count III. Only Moody remains party plaintiff under count IV.
Appellants first argue that the court erred in not entering summary judgment as to count IV of the amended complaint because Moody failed to perfect his lien by not filing suit within one year after he filed his claim of lien as required by Section 713.22(1). We reject this argument. Moody sought in count IV to recover under a contractor's performance and payment bond, which incorporated both the provisions of the contract and 713.23. Count IV did not seek to foreclose Moody's claim of lien, which was authorized by Section 713.08. The relief which Moody sought under Section 713.23 was entirely separate from that afforded him by 713.08. Section 713.23 requires only that a suit be instituted against the contractor or the surety on the bond within one year from the performance of the labor or completion of delivery of the materials and supplies. There is no requirement, as in 713.08, that the lienor otherwise perfect his lien by bringing suit within one year after the claim of lien is recorded. Houdaille Industries, Inc. v. United Bonding Insurance Co., 453 F.2d 1048 (5th Cir.1972).
Appellants additionally contend that Moody, d/b/a Moody Brothers, last performed work on the Suwannee County Mall *453 on August 29, 1975, and that suit was filed on behalf of Moody on September 15, 1976, more than one year after the last possible date for providing labor and materials as provided by Section 713.23. Appellants concede that work was performed after August 29, 1975, by Moody but in a different capacity than that of the business entity, Moody Brothers. On August 29, 1975, Moody formed a Georgia corporation, Moody and Moody, Inc., which, it is not disputed, performed work on the shopping center in October, November and December of 1975. Whether Moody performed work on the original contract either in a corporate or other business capacity makes no difference so long as he is a qualified lienor. Under the Mechanics' Lien Law a contractor or subcontractor may perform his contract by or through another. Section 713.01(10) and (13); Warren v. Bill Ray Construction Co., Inc., 269 So.2d 25, 27-28 (Fla. 3d DCA 1972). As to appellants' contention that any work performed by Moody after August 29, 1975 was done under a new contract with the owner but not pursuant to the terms of the original contract, we find the factual issues were disputed and therefore not properly subject for disposition by summary judgment.
We agree, however, with appellants that the trial court erred in not granting their motions to dismiss count III of the amended complaint. Count III was an action brought by Moody and Sullivan on a common law bond. Such actions are recognized in Florida as establishing general statutory limitations on actions instead of specific statutory limitations. United Bonding Insurance Company v. City of Holly Hill, 249 So.2d 720 (Fla. 1st DCA 1971); General Electric Company v. Commercial Standard Insurance Company, 335 So.2d 624 (Fla. 1st DCA 1976). There is no disputed issue of material fact that the bond was in the face amount of the original contract. Moody, nevertheless, argues the owner, after Snavely defaulted on the contract, furnished the new general contractor with a superintendent on the job, and the value of such services was not reflected in the bond or in the written contract; therefore a factual issue exists as to whether the face amount of the bond truly reflects the contractual arrangement between the owner and general contractor. The bond, however, specifically incorporated Section 713.23 as well as the terms of the contract within its provisions. The bond, which named Snavely as principal, could not be extended to provide additional compensation above the face amount of the contract to other persons after the principal left the job. Nor were the conditions of the bond broader or more protective than the statute required. Compare Hawaiian Inn of Daytona Beach, Inc. v. Dunn, 342 So.2d 132 (Fla. 1st DCA 1977).
The trial court's order is reversed insofar as it denied appellant's motions as to count III, and is affirmed insofar as it denied the motions as to count IV.
BOYER, Acting C.J. and MILLS, J., concur.