ERVIN, Judge.
We agree with the surety, Balboa Insurance Company,, that Alpha Electric Supply, Inc., a supplier to an electrical sub-contractor on a construction project, did not meet all conditions precedent stated in the bond which it sued upon and therefore the lower court’s entry of summary judgment in favor of the supplier was error.
*392 Alpha’s compláint specifically alleged that it had complied with all conditions of the bond. It attached to its complaint a labor and material payment bond which, among other things, prohibited a claimant from bringing suit unless the claimant gave written notice either to the principal, the owner or the surety within 90 days after the claimant furnished the last of the materials upon which it based its claim. The answer filed included a general denial of all allegations of the complaint as well as an affirmative defense that Alpha failed to send a notice to the owner as required by Sections 713.23 and 713.06, Florida Statutes (1977), and therefore had not established its claim. Later, when Alpha filed its motion for summary judgment, its affidavit in support of the motion made no reference to any of the notice provisions of the bond. Clearly then, genuine issues of material fact remained unresolved as to whether the notice provisions of the bond had been complied with.
Alpha, however, responds that it is not required to comply with those provisions because the bond is not a statutory bond, rather a common law bond [1] and, being so, the surety is not entitled to take advantage of the procedural requirements of Section 713.23. In our view it is not necessary for us to decide whether the bond is statutory or one at common law. The suit was brought against the contractor and the surety on the bond and compliance was alleged with all conditions of the bond. The notice provisions of the bond were in general conformity with those provided in Section 713.23. If those conditions are not met then the supplier may not recover.
The order granting the motion for summary judgment is reversed and remanded for further proceedings consistent with this opinion.
McCORD, Acting C. J., and LARRY G. SMITH, J„ concur.

. It so concludes by reasoning that since a claimant is defined in the.bond as one having a direct contract with the principal or with a sub-contractor of the principal for labor, material or both, and the language of Section 713.23 is less restrictive in that it requires the contractor to “make payments to all persons supplying him labor, material and supplies used directly or indirectly by said contractor, subcontractor or subsubcontractor . . . ” (e. s.), the bond is necessarily a common law bond. Those cases construing performance bonds as common law bonds, e. g., United Bonding Ins. Co. v. City of Holly Hill, 249 So.2d 720 (Fla. 1st DCA 1971) and Southwest Florida Water Management District v. Miller Construction Co., Inc. of Leesburg, 355 So.2d 1258 (Fla. 2d DCA 1978), have so held when the bonds expand coverage to claimants broader than that required by the statute. Here, as noted, coverage is not broadened, rather constricted. Still, the notice and time limitations stated in the bond exactly parallel those of Section 713.23. We have held that if a bond attempts to restrict statutory conditions, the bond is properly considered as having been brought into full compliance with the statute it was intended to satisfy. Hawaiian Inn of Daytona Beach, Inc. v. Dunn, 342 So.2d 132, 133 (Fla. 1st DCA 1977). It would be difficult indeed to label this bond as common law; yet, as we above stated, that is a decision which we are not required to make.