384 So.2d 1305 (1980)
GENERAL INSURANCE COMPANY OF AMERICA, Appellant,
v.
SENTRY INDEMNITY COMPANY and W.W. Arnold Construction Co., Appellees.
No. 79-269/T4-386.
District Court of Appeal of Florida, Fifth District.
June 4, 1980.
Rehearing Denied June 30, 1980.
*1306 D. Lloyd Zook of Welbaum, Zook, Jones & Williams, Orlando, for appellant.
James W. Markel of Graham, Markel, Scott, Marlowe, Appleton & McDonough, P.A., Orlando, for appellees.
PER CURIAM.
W.W. Arnold Construction Company (hereafter Arnold) was the prime contractor on a private construction project. General Insurance Company, (hereafter General) was the surety on Arnold's payment bond. Spurlin Carpentry, Inc., (hereafter Spurlin) was a sub-contractor for Arnold. Sentry Indemnity Company (hereafter Sentry) was the surety on Spurlin's payment bond.
Several materialmen for Spurlin filed claims with Sentry on the sub-contractor's payment bond. Sentry paid the claims, and then filed suit against Arnold and General on the prime contractor's payment bond. General contended that Arnold's payment bond was a statutory bond governed by section 713.23, Florida Statutes (1971), and, therefore, Spurlin's action was barred by the one-year statute of limitation.
The trial judge held the payment bond in this case is a "common law" bond rather than a "statutory" bond because it is broader in scope than required under section 713.23, Florida Statutes (1971). Hawaiian Inn of Daytona Beach, Inc., v. Dunn, 342 So.2d 132 (Fla. 2nd DCA 1977). See United Bonding Insurance Co. v. City of Holly Hill, 249 So.2d 720 (Fla. 1st DCA 1971); S.W. Fla. Water Mgt. Dist. v. Miller Const., 355 So.2d 1258 (Fla. 2nd DCA 1978). The bond in question does not make any reference to section 713.23. General wrote another bond for the same contractor on another project, which bond was also sued on in this action but is not involved in this appeal, and that other bond specifically incorporated section 713.23 in its terms, so General was not without the means or ability to write a statutory bond if it wanted to. Any ambiguity as to the nature of the bond should be construed against the surety company and in favor of granting the broadest possible coverage to those intended to be benefitted by the protection of the bond. United Bonding Insurance Company v. City of Holly Hill, supra.
The interpretation of a contract by a trial court should not be reversed by an appellate court unless it is clearly incorrect and unsupported by the evidence in the cause. Murphy v. Murphy, 370 So.2d 403 (Fla. 3d DCA 1979); Safeco Insurance Company v. Rochow, 384 So.2d 163, Case No. NN-451/T1-92 (Fla. 5th DCA, April 30, *1307 1980). The judgment of the trial court reaches this court clothed with a presumption of validity, Herzog v. Herzog, 346 So.2d 56 (Fla. 1977) and we cannot say, based on the evidence before us that it lacks support for its findings, Storer v. Storer, 353 So.2d 152 (Fla. 3d DCA 1978). Finding no error, the judgment below is
AFFIRMED.
ORFINGER and SHARP, JJ., concur.
COBB, J., dissents with opinion.
COBB, Judge, dissenting.
W.W. Arnold Construction Company (hereafter Arnold) was the prime contractor on a private construction project. General Insurance Company (hereafter General) was the surety on Arnold's payment bond. Spurlin Carpentry, Inc. (hereafter Spurlin) was a sub-contractor for Arnold. Sentry Indemnity Company (hereafter Sentry) was the surety on Spurlin's payment bond.
Several materialmen for Spurlin filed claims with Sentry on the subcontractor's payment bond. Sentry paid the claims, and then filed suit against Arnold and General on the prime contractor's payment bond. General contended that Arnold's payment bond was a statutory bond governed by Section 713.23, Florida Statutes and, therefore, Spurlin's action was barred by the one-year statute of limitation. The trial court found that Arnold's payment bond was a common-law bond, rather than a statutory bond and, therefore, not barred by the shorter statute of limitations.[1]
In the 1971 case of United Bonding Ins. Co. v. City of Holly Hill, 249 So.2d 720 (Fla. 1st DCA 1971), Judge Wigginton discussed the distinction between statutory performance bonds subject to a one-year statute of limitations and common-law bonds. He noted that the bond in question did not specify a time limitation of one year, the statutory restriction, and the bond granted extensive coverage in excess of that required by the statute. Therefore, it was not unreasonable to construe the bond involved as a common-law undertaking subject to the general statute of limitations.
In Hawaiian Inn of Daytona Beach, Inc. v. Dunn, 342 So.2d 132 (Fla. 1st DCA 1977), the trial court had construed certain performance bonds to be common-law, rather than statutory, bonds, and subject to the more generous statute of limitations. This was reversed on appeal because the conditions of the bonds were not broader and more protective than the statute required, and the bonds substantially complied with Section 713.23, Florida Statutes. See also, E.E. Dean Snavely, Inc. v. Sullivan, 360 So.2d 451 (Fla. 1st DCA 1978).
The amount of the payment bond in the instant case was equal to the contract price, it contained a one-year statute of limitation, and it protected the class of people intended to be protected by Section 713.23, Florida Statutes. The payment bond was a statutory bond and the one-year statute of limitation specifically incorporated therein should control.
Accordingly, I would reverse the holding of the trial court.
NOTES
[1] The payment bond in question was issued in 1972. In 1978, Section 713.23, Florida Statutes, was amended to include a form for payment bonds.