394 So.2d 481 (1981)
TRAVELERS INDEMNITY COMPANY, a Foreign Corporation, Appellant,
v.
NATIONAL GYPSUM COMPANY, a Corporation, Appellee.
No. 79-2375.
District Court of Appeal of Florida, Third District.
February 17, 1981.
August, Pohlig and Milstein and Rosemary J. Michael and R.C. Milstein, Miami, Deutsch and Spring and Lionel M. Spring, New York City, for appellant.
*482 Britton, Cohen, Kaufman, Benson and Schantz and J. Robert Olian, Miami, for appellee.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
NESBITT, Judge.
The issue before us is whether a materialman may recover against a surety on a construction bond absent compliance with a condition precedent requiring written notice be given within ninety days after the claimant has furnished the materials for which the claim is made. We hold that the materialman's failure to comply with the notice provision of the bond precludes recovery and reverse the judgment of the trial court.
In 1977, appellee, National Gypsum Company (National Gypsum) filed a suit against Goodnow Company of Florida, Inc. (Goodnow), a subcontractor to whom it had supplied material. The amended complaint also named Travelers Indemnity Company (Travelers), the surety on the labor and material payment bond, as a defendant. A default was entered against Goodnow. Travelers then moved to dismiss the action against it for failure by National Gypsum to meet the notice provisions set forth in the bond and because the amended complaint "laid improper venue in that the doctrine of forum non conveniens [was] applicable ..."[1] The trial court denied the motion to dismiss. Pleadings were filed and memoranda were submitted. Motions for summary judgment were subsequently filed by both Travelers and National Gypsum. The trial court granted National Gypsum's motion for summary judgment and this appeal ensued.
The notice provision of the bond provided as follows:
3. No suit or action shall be commenced hereunder by any claimant,
(a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelop addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made by a public officer. [emphasis supplied].
Admittedly, National Gypsum, the materialman, failed to give the required notice. In W.F. Thompson Construction Co. v. Southeastern Palm Beach County Hospital District, 174 So.2d 410 (Fla.3d DCA), cert. denied, 180 So.2d 659 (Fla. 1965), we construed an identical provision in a statutory bond given on a public project and upheld similar notice requirements. Parties enjoy the fundamental principle to make contracts and have them enforced without being re-written by the courts. Century Federal Savings and Loan Association v. Madorsky, 353 So.2d 868 (Fla. 1st DCA 1977), cert. denied, 359 So.2d 1217 (Fla. 1978). It follows then, with greater force of reason, that parties in a purely common law bond are entitled to have such a plain and unambiguous notice provision enforced. Consequently, we align ourselves with Balboa Insurance Company v. Alpha Electric Supply, Inc., 373 So.2d 391 (Fla. 1st DCA 1979) and our own decision in W.F. *483 Thompson Construction Co. v. Southeastern Palm Beach County Hospital District, supra. Admittedly, we cannot harmonize this decision with our earlier and conflicting decision in Carnival Cruise Lines, Inc. v. Financial Indemnity Company, 347 So.2d 825 (Fla.3d DCA 1977) and consequently we recede from that decision.
Carnival Cruise Lines, Inc. provided that a surety must show actual damages resulting from failure to give notice to relieve it from its obligation on the bond and that the failure to give the surety notice of a principal's default did not relieve the surety where such failure resulted in no loss. While it is true that sureties are in the business of writing bonds for profit, it is equally true that they may contract for notice as a condition precedent to trigger the responsibility on the bond. Notice provisions help sureties determine the amount of reserves they must keep on hand for potential claims. The amount of reserves required are one of the factors which determine the premium rates on the bond. If proper notice is given, as contracted for, the surety may have an opportunity to intervene on the project and attempt to utilize its business or legal remedies and thereby minimize potential losses and ultimately keep premium rates down. Forcing a surety to prove up actual damages may leave the surety in the difficult or impossible position of trying to demonstrate how much of the loss he could have prevented.
When businessmen or other parties enter into contracts, they bargain for a bundle of rights against which are imposed certain obligations. In this case, Travelers was obligated to keep certain reserves on hand and to pay those claims, if any, which arose as a result of the principal's default. In exchange, certain obligations were imposed on those seeking to benefit from the construction bond. Those included payment of a specific premium as well as written notice within ninety days. As we have stated, it is a long-standing principle that parties have the right to have their contracts enforced without being re-written by the courts. The rule enunciated in Carnival Cruise Lines would require the surety to maintain increased reserves for undetermined claims. This would ultimately increase the cost of procuring a bond and the resulting increased cost would assuredly be passed on to all consumers. Consequently, the better rule is the one which enforces the contract as written while leaving available to the subcontractor or materialman the right to seek reformation of bonds where otherwise permitted. National Gypsum's failure to meet the condition precedent, of giving written notice within ninety days as required under the bond, precludes recovery.
For the foregoing reasons, we find the trial court improvidently entered summary judgment in favor of National Gypsum and erroneously denied Travelers' cross-motion for summary judgment. Accordingly, we reverse the judgment appealed from with directions to grant Travelers' motion for summary judgment.
Reversed and remanded with directions.
HENDRY, Judge (dissenting).
I respectfully disagree with the holding of the majority.
The disposition of the surety's appeal turns upon the legal effect of a provision in the bond which requires, as a precondition of the surety's performance under the bond, that a party claiming a right of payment thereunder to notify, within a certain period, any two of the group comprised of the owner, the contractor, and the surety. It is agreed that such notice was not given.
Appellant urges that, by reference to Balboa Insurance Co. v. Alpha Electric Supply, Inc., 373 So.2d 391 (Fla. 1st DCA 1979), and W.F. Thompson Construction Co. v. Southeastern Palm Beach County Hospital District, 174 So.2d 410 (Fla.3d DCA), cert. denied 180 So.2d 659 (Fla. 1965), we must find that the notice requirement was a condition precedent to appellant's performance, and that appellee's recovery under the bond must be refused. I cannot agree.
In Balboa, a supplier to a subcontractor brought suit against the contractor's surety *484 on a labor and material payment bond. It alleged in its complaint that all conditions precedent to its right to payment by the surety had been fulfilled. The surety affirmatively challenged that allegation by claiming that the bond's ninety-day notice provision had not been complied with.
The court held that, irrespective of whether the bond was a statutory bond or a common law bond, "[i]f [the notice provisions of the bond] are not met, then the supplier may not recover." Balboa, supra, 373 So.2d at 392.
Similarly, in W.F. Thompson Construction, supra, 174 So.2d at 414,
[t]he plaintiffs admitted that they did not comply with the provision which required notice to be given pursuant to the conditions of the bond. The failure of the plaintiffs to comply with that condition should therefore bar their cause against the defendant. A provision to give notice of default is, of course, valid provided it is reasonable, and is a condition precedent to an action so based. [citations omitted]
The court went on to find that the notice provision, which was virtually identical to that we consider sub judice, was both reasonable and a condition precedent to the surety's duty to perform. Cf., Board of Public Instruction of Sarasota County v. Fidelity and Casualty Co. of New York, 184 So.2d 491, 494 (Fla.2d DCA 1966), and United Bonding Insurance Co. v. City of Holly Hill, 249 So.2d 720 (Fla. 1st DCA 1971): Where the issued bond was not a statutory bond, but rather was a common law bond, it could not require, in the absence of its own time limitation for effective notice, any limit short of that provided by the statute of limitations.
Appellees point to the decisions in Carnival Cruise Lines v. Financial Indemnity Co., 347 So.2d 825 (Fla.3d DCA 1979), and Maule Industries, Inc. v. Gaines Construction Co., 157 So.2d 835 (Fla.2d DCA 1963), for the contrary conclusion: "[A]ctual damage resulting from failure to give notice must be pleaded and proved as a defense ..." Maule Industries, supra, 157 So.2d at 837.
The decision in Maule Industries was based upon a distinction between accommodation sureties and compensated sureties. We acknowledged that distinction in Carnival Cruise Lines, supra, 347 So.2d at 826:
There is no question that Financial is a compensated surety in the business of writing bonds for profit. The established law with respect thereto is that actual damage resulting from failure to give notice must be pled and proved as a defense, and that failure to give a compensated surety notice of a principal's default as required in the bond does not relieve the surety where the failure results in no loss to it.
* * * * * *
Having raised the defense of untimely notice in its answer, Financial had the burden of proving prejudice as a result thereof.
The caselaw on this narrow question creates conflict among the several districts. However, we must choose between two decisions in our own district which announce contrary rules.
I would follow the rule announced in Carnival Cruise Lines because it is our latest expression of the law in this district, and because it appears to me to best conform to the general rule that an insurance carrier may absolve itself of contractual duty only to the extent that another's breach of the contractual terms causes demonstrable injury to its interests subsumed under the contract. I recognize that, in following this rule we would force insurers to maintain increased reserves for undetermined claims; nonetheless, I am convinced that the better path lies with Maule Industries and Carnival Cruise Lines.
I would reverse and remand for a determination of the extent, if any, to which appellant surety was damaged by appellee's failure to conform to the notice provision of the bond.
SCHWARTZ, Judge (specially concurring).
While I agree with the conclusion reached by Judge Nesbitt and with much of his *485 opinion, I think it goes further than is necessary or appropriate to dispose of the issues presented. In my view, the holding that compliance with a notice provision is indispensable to recovery on a bond should be  and, in this case, need be  confined only to would-be beneficiaries of bonds which secure the performance or payment of building and construction contracts. In this area, as is said in 17 Am.Jur.2d Contractors' Bonds, § 30 at 212 (1964), "[a] provision to give notice of default is, of course, valid provided it is reasonable, and is a condition precedent to an action so based."
The construction industry is well-acquainted with the statutory necessity of giving timely notice in a variety of lien and bond contexts, and with the invariably fatal consequences of a failure to do so. W.F. Thompson Construction Co. v. Southeastern Palm Beach County Hospital District, 174 So.2d 410 (Fla.3d DCA 1965), cert. denied, 180 So.2d 659 (Fla. 1965) is only one of countless examples of decisions which apply these propositions. And, like Balboa Ins. Co. v. Alpha Electric Supply, Inc., 373 So.2d 391 (Fla. 1st DCA 1979), and Judge Nesbitt in this case, I see no reason why a subcontractor or materialman should be in a superior position concerning a bond which has been fortuitously posted and as to which it is merely a donee third-party beneficiary, than with respect to a bond which is specifically required by statute to be maintained for its benefit. If anything, the reverse should be true.
This limitation of our holding distinguishes Carnival Cruise Lines, Inc. v. Financial Indemnity Co., 347 So.2d 825 (Fla.3d DCA 1977), which involved an action between the obligee and the surety on an undertaking akin to a fidelity bond, and from which I would therefore not now recede. Moreover, it allays the concern expressed by Judge Hendry that reversal jeopardizes the rule that, as to insurance policies in general, the carrier must show that a failure to give required notice has been prejudicial. 18 Fla.Jur. Insurance, § 789 (1971). With the narrow exception delineated in this opinion, that doctrine remains entirely intact.
NOTES
[1] The construction site was in Aruba, Netherlands Antilles. Travelers, though not a resident of Florida, is authorized to do business in the state. However, Goodnow, the subcontractor, who was a defendant in this action, is a Florida resident. Therefore, Travelers' contention that the action was brought in the wrong forum and should be dismissed under the doctrine of forum non conveniens is without merit. Houston v. Caldwell, 359 So.2d 858 (Fla. 1978).