417 So.2d 254 (1982)
NATIONAL GYPSUM CO., Petitioner,
v.
TRAVELERS INDEMNITY CO., Respondent.
No. 60520.
Supreme Court of Florida.
July 8, 1982.
*255 J. Robert Olian of Britton, Cohen, Kaufman, Benson & Schantz, Miami, for petitioner.
Richard C. Milstein of August, Pohlig & Milstein, Miami, and Lionel M. Spring of Deutsch & Spring, New York City, for respondent.
Joseph C. Jacobs and Thomas M. Ervin, Jr. of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for American Ins. Ass'n, amicus curiae.
McDONALD, Justice.
We have for review Travelers Indemnity Co. v. National Gypsum Co., 394 So.2d 481 (Fla. 3d DCA 1981), which conflicts with Maule Industries, Inc. v. Gaines Construction Co., 157 So.2d 835 (Fla. 2d DCA 1963). We have jurisdiction[*] and approve the result reached in Travelers.
Caminos y Estructuras, C.A., a South American company, contracted with Pavarini Construction Company of Puerto Rico to build a hotel and casino on Aruba, Netherlands Antilles. To protect the owner from claims, Pavarini purchased a labor and material bond from Travelers. Pavarini subcontracted for the drywall, plastering, and masonry work with Goodnow Company of Florida, Inc.
Goodnow purchased some of its supplies from National Gypsum Company on credit and paid its account month-by-month after receiving payment for completed work from Pavarini. A dispute arose between Pavarini and Goodnow, however, which resulted in Pavarini's refusal to make more payments to Goodnow and, eventually, in Goodnow's being thrown off the job. During this time, Goodnow failed to pay National Gypsum.
National Gypsum sued Goodnow for materials delivered but not paid for and then, a month later, amended its complaint to add Travelers as a second defendant. Goodnow had gone out of business, and National Gypsum obtained a default judgment against that company. The trial court granted a summary judgment against Travelers and awarded National Gypsum $105,565.00. Travelers appealed, and the district court reversed, finding that National Gypsum had failed to give written notice of the claim within 90 days of the last delivery, as required by Pavarini's bond with Travelers, to any two of (1) the owner (Caminos y Estructuras), (2) the principal (Pavarini), or (3) the surety (Travelers).
Writing for the majority, Judge Nesbitt articulated a broad rule that failure to comply with a condition precedent, in this case notice, precludes recovery against a surety. Judge Hendry, in dissent, disagreed with the majority's basic holding and expressed his concern over the instant case's impact on the general rule that an insurance carrier may absolve itself of a contractual duty only to the extent that a breach of contractual terms causes demonstrable injury to the carrier. In a special concurrence Judge Schwartz agreed with the result, but stated that he would confine the holding to only would-be beneficiaries of performance and payment bonds on building and construction *256 contracts. We find that Judge Schwartz's special concurrence sets out the proper rule which best preserves the rights and expectations of the parties.
Both National Gypsum and Travelers rely on insurance cases dealing with prejudice to insurers to support their respective positions. We do not find those cases to be on point with the instant situation. When notice of a possible claim is not given to an insurance company, prejudice is presumed, but recovery is not precluded if the insured can demonstrate lack of actual prejudice. H.S. Equities, Inc. v. Hartford Accident & Indemnity Co., 334 So.2d 573 (Fla. 1976); Tiedtke v. Fidelity & Casualty Co., 222 So.2d 206 (Fla. 1969). Cf. Brakeman v. Potomac Insurance Co., 472 Pa. 66, 371 A.2d 193 (1977) (insurer must show prejudice).
In Brakeman the Pennsylvania Supreme Court articulated several reasons for allowing recovery against an insurer despite lack of proper notice: insurance contracts are not truly consensual; they involve forfeitures; and allowing recovery is the more equitable course of action and furthers the reasonable expectations of those who purchase insurance. Id. at 76-77, 371 A.2d at 198. The same concerns are not present in the instant case. Pavarini secured the bond for the benefit of the owner; protecting materialmen, such as National Gypsum, was not the main purpose. Additionally, the construction industry is well aware of the necessity of giving timely notice, and the notice provision here appears to be fairly standard throughout the industry.
Courts are not authorized to rewrite contracts. Home Development Co. v. Bursani, 178 So.2d 113 (Fla. 1965). This, however, is essentially what the trial court did. As Judge Schwartz pointed out, National Gypsum is, at best, merely a donee third-party beneficiary of the instant bond. We see no reason to allow National Gypsum to enjoy the benefits of the bond without bearing its burdens as well.
Finding that the special concurrence sets out the better rule, we approve the result reached by the third district court. Maule Industries is disapproved to the extent of conflict with this opinion.
It is so ordered.
ALDERMAN, C.J., and BOYD and OVERTON, JJ., concur.
SUNDBERG, J., dissents with an opinion, in which ADKINS, J., concurs.
SUNDBERG, Justice, dissenting.
I respectfully dissent. Because we deal here with a compensated surety I would follow the reasoning espoused in Maule Industries, Inc. v. Gaines Construction Co., 157 So.2d 835 (Fla. 2d DCA 1963). That is, to the extent the surety is not prejudiced by an immaterial breach of a condition of the bond the beneficiary should be allowed to recover. As the majority recognizes, this is the rule in Florida with respect to policies of insurance. Unlike the rule expressed in Maule Industries, however, the authorities dealing with policies of insurance place the burden on the insured to demonstrate lack of prejudice to the insurer. See H.S. Equities, Inc. v. Hartford Accident & Indemnity Co., 334 So.2d 573 (Fla. 1976); Tiedtke v. Fidelity & Casualty Co., 222 So.2d 206 (Fla. 1969).
Even though the materialman is a donee beneficiary of the bond secured by the general contractor, I believe he has a substantial interest in the transaction which should place him on the same footing with an insured under a contract of casualty insurance. He has no control over either the decision of the general contractor to supply the bond or its terms. Nonetheless, he is deprived (in this state) of the benefits of the mechanics' lien law by that act of the general contractor over which he has no control. The ends of justice, it occurs to me, are better served by permitting recovery by the materialman when he can demonstrate that the surety is not prejudiced by late notice.
ADKINS, J., concurs.
NOTES
[*] Art. V, § 3(b)(3), Fla. Const.