SHARP, Judge,
dissenting.
The lower court granted summary judgment because it construed the performance-payment bond involved in this case as a statutory bond pursuant to section 255.-05, Florida Statutes (1979), rather than a common-law bond. The statute of limitations applicable to statutory bonds had not been met. § 255.05(2), Fla.Stat. (1979). I dissent because I think the bond should be construed as a common-law bond, subject to a five year statute of limitations. § 95.11, Fla.Stat. (1981).
In General Insurance Company of America v. Sentry Indemnity Company, 384 So.2d 1305 (Fla. 5th DCA 1980), this court held that a bond will be considered a common-law bond rather than a statutory bond if it is broader in scope than required under the statute. In the instant case, the payment portion of the bond parallels the statute. However, the performance portion of the bond is broader in scope than is the statute. The bond should be taken as a whole, and if it deviates from the statute, General Insurance Company should be followed. See Southwest Florida Water Management District v. Miller Construction Company, Inc. of Leesburg, 355 So.2d 1258 (Fla. 2d DCA 1978).
Further, as in General Insurance Company, the bond in this case does not make any reference to section 255.05 or section 713.23, Florida Statutes (1979), or to the fact that it was a statutory bond.[1] Any ambiguity in this regard should be construed against the surety. United Bonding Insurance Company v. City of Holly Hill, 249 So.2d 720 (Fla. 1st DCA 1971).

. Although not applicable to this case, section 255.05 now provides that "[a]ll bonds executed pursuant to this section shall make reference to this section by number and shall contain reference to the notice and time limitation provisions of this section.” § 255.05(6), Fla.Stat. (1981).