WENTWORTH, Judge.
Appellant seeks review of an order by which a claim on a construction payment bond was denied, but damages were awarded for a breach of contract by appellee Snavely. We find that the trial court did not err in denying the claim on the bond, but the cause must be remanded for a redetermination as to the amount of damages occasioned by Snavely’s breach of contract.
Appellant was a subcontractor, and ap-pellee Snavely the general contractor, on a construction project for which Snavely furnished a payment bond pursuant to § 713.-23, Florida Statutes. Snavely abandoned the construction project before its completion and appellant then negotiated directly with the project developer, in March 1975, regarding the further performance of its subcontracted work. Appellant thus remained on the project and continued to negotiate directly with the developer.
In September 1976 appellant joined as a co-plaintiff in an action on the payment bond and for breach of contract. The case was appealed upon a denial of summary judgment, and this court indicated that a factual issue was presented by appellant’s continued performance on the project after Snavely’s abandonment. See E.E. Dean Snavely Inc. v. Sullivan, 360 So.2d 451 (Fla. 1st DCA 1978). The trial court has now addressed this factual issue, finding that appellant’s continued performance was not occasioned by its agreement with Snavely, but rather was undertaken pursu *1364 ant to the subsequent negotiations with the project developer. There is an adequate evidentiary predicate for this determination by the trial court, and appellant’s claim on the payment bond was therefore properly denied in accordance with § 713.23(l)(f), Florida Statutes, which provides that:
... No action shall be instituted or prosecuted against the contractor or against the surety on the bond under this section after 1 year from the performance of the labor or completion of delivery of the materials and supplies.
The trial court further determined that Snavely had breached its contract with appellant. In computing the amount of resulting damages the court found appellant’s “cost of completion” on the project to be $203,000. The record establishes that this was the amount of a subsequent general contractor’s approved draw, but it was not indicated that this draw related to the discharge of appellant’s costs. Appellant’s witness testified that the “cost of completion” was $175,000. Snavely does not assert that the court’s reliance on the $203,-000 figure was proper, but rather suggests that any error in this regard should be resolved upon presentation to the trial court. We accordingly conclude that the cause should be remanded for the trial court to redetermine the amount of appellant’s damages.
The order appealed is reversed as to the amount of damages awarded. The order is otherwise affirmed, and the cause remanded for further proceedings.
THOMPSON and WIGGINTON, JJ., concur.