579 So.2d 743 (1991)
NATIONAL FIRE Insurance Company of Hartford, a Foreign Corporation, Appellant,
v.
L.J. CLARK CONSTRUCTION COMPANY, INC., Appellee.
No. 90-1875.
District Court of Appeal of Florida, Fourth District.
April 3, 1991.
Rehearing Denied June 19, 1991.
*744 Judith Kazer Lamet of David L. Swimmer, P.A., Miami, for appellant.
Alexander J. Williams, Jr., and Alan C. (Peter) Brandt, Jr., of Chappell & Brandt, P.A., Fort Lauderdale, for appellee.
HERSEY, Chief Judge.
This was an action by a subcontractor against appellant, the surety on a payment and performance bond. The issue below was whether the statute of limitations had run on the claim. Resolution of this issue depended upon which of two statutory time limitations applied. If the bond was a "statutory" bond, then the statute of limitations was one year and the claim was barred. If the bond was a "common law" bond, the claim period was longer and the claim was not barred under the circumstances of this case. The trial court so found. Thus, the issue on appeal is whether the trial court correctly interpreted the bond as a common law bond. Our role is to ascertain whether the interpretation placed on this contract (the bond) by the trial court is reasonable, or whether it is "clearly incorrect and unsupported by the evidence in the cause," General Ins. Co. of America v. Sentry Indem. Co., 384 So.2d 1305, 1306 (Fla. 5th DCA), rev. dismissed, 389 So.2d 1110 (Fla. 1980).
Florida law is clear that a payment bond is a common law bond rather than a statutory bond if it provides more expansive coverage than that provided for in section 713.23, Florida Statutes (1990 Supp.). For example, in Standard Heating Service, Inc. v. Guymann Constr., Inc., 459 So.2d 1103, 1105 (Fla. 2d DCA 1984), the second district stated:
A payment bond is a common law bond if it provides more expansive coverage than that provided for in the statute. The bond here was no more expansive than a statutory bond provided for in section 713.23, Florida Statutes (1981). The fact that the bond here specifically applied to the furnishing of water, gas, power, light, heat, oil, gasoline, telephone service or rental equipment, whereas, the statute applies to the furnishing of "materials" (which includes fuel .. .) is of no moment. The bond provided no more expanded coverage than a statutory bond. Furthermore, the bond's definition of a claimant appears no more expansive than the requirement of section 713.23 that a statutory bond cover lienors. See § 713.01(10), Fla. Stat. (1981).
Id. at 1105 (citations omitted, emphasis added).
Section 713.23 provides in part:
(1)(a) The payment bond required to exempt an owner under this part shall be *745 furnished by the contractor in at least the amount of the original contract price before commencing the construction of the improvement under the direct contract, and a copy of the bond shall be attached to the notice of commencement when the notice of commencement is recorded. The bond shall be executed as surety by a surety insurer authorized to do business in this state and shall be conditioned that the contractor shall promptly make payments for labor, services, and material to all lienors under the contractor's direct contract. Any form of bond given by a contractor conditioned to pay for labor, services, and material used to improve real property shall be deemed to include the condition of this subsection.
* * * * * *
(e) No action for the labor or materials or supplies may be instituted or prosecuted against the contractor or surety unless both [the notice to contractor and the notice of nonpayment] have been given. No action shall be instituted or prosecuted against the contractor or against the surety on the bond under this section after 1 year from the performance of the labor or completion of delivery of the materials and supplies.
(f) Any lienor has a direct right of action on the bond against the surety. A bond must not contain any provisions restricting the classes of persons protected thereby or the venue of any proceeding....
Appellee claimed and the trial court agreed that the present bond actually expanded coverage beyond that required by the above statute by (1) providing that no action shall be commenced by any claimant "[a]fter the expiration of one (1) year following the date on which Principal ceased Work on said Contract;" and (2) requiring only a notice of nonpayment and not a notice to contractor. Generally, any ambiguity as to the nature of a bond should be construed against the surety and in favor of granting the broadest possible coverage to those intended to be benefited by protection of the bond. General Ins. Co., 384 So.2d at 1306. Nonetheless, it cannot reasonably be said that these bond provisions actually expand coverage thus creating a common law bond.
We address first the question of whether a bond which requires only a notice of nonpayment is an actual expansion of coverage from the statute which requires that a notice of nonpayment and a notice to contractor be given before an action will lie. We think not. The cases which have determined that a certain bond expanded coverage all involve bonds which broaden either the class of claimants or the payment provisions. Florida Keys Community College v. Insurance Co. of North America, 456 So.2d 1250 (Fla. 3d DCA 1984); Standard Heating; Southwest Florida Water Management Dist. ex rel. Thermal Acoustic Corp. v. Miller Constr. Co., Inc., 355 So.2d 1258 (Fla. 2d DCA 1978); Quality Glass & Mirror, Inc. v. Ritch, 373 So.2d 723 (Fla. 1st DCA 1979) (holding that even though a bond contained provisions not required by statute, it must be considered statutory and not common law because the bond did not expand the payment provisions beyond those stated in statute), cert. denied, 385 So.2d 760 (Fla. 1980). Accordingly, it appears that the bond's reduced notice requirement is an insufficient basis for finding the bond to be a common law bond.
The second reason given for finding that the bond was a common law bond, that no action shall be commenced by any claimant after the expiration of one year following the date on which the general contractor ceased work on the contract, is also an insufficient basis for characterizing the bond as a common law bond.
There do not appear to be any cases which address the question of whether such a provision is an actual expansion of coverage. The cases indicate that the payment provisions or the class of claimants must be expanded to create a common law bond. Assuming for the sake of argument that a bond provision lengthening the time in which a claimant may institute an action on the bond would suffice to expand coverage *746 and to place the bond in the common law bond category, such a provision would nevertheless be void unless it expanded the limitations period to at least five years. This is because a common law bond cannot legally contain a provision that limits the time within which action can be brought to a period less than the time provided in the applicable statute of limitations. W.F. Thompson Constr. Co. v. Southeastern Palm Beach Hosp. Dist., 174 So.2d 410, 413-414 (Fla. 3d DCA), cert. denied, 180 So.2d 659 (Fla. 1965). Section 95.03, Florida Statutes (1989), provides:
Contracts shortening time.  Any provision in a contract fixing the period of time within which an action arising out of the contract may be begun at a time less than that provided by the applicable statute of limitations is void.

It is well established that a suit on a common law performance bond is subject to the five year limitation period in section 95.11(2)(b), Florida Statutes (1990 Supp.). School Bd. of Volusia County v. Fidelity Co. of Maryland, 468 So.2d 431, 432 (Fla. 5th DCA 1985). Thus, the argument that the bond's limitation period validly expands coverage over that provided by section 713.23 is illogical when considered in conjunction with section 95.03 which makes that provision void. In short, to find that the bond's limitation provision expanded coverage, we would have to find the provision valid for one purpose and void for another.
For the above reasons, it is clear that the bond at hand did not expand coverage, and the trial court erred in determining that the bond was a common law bond and that the action was timely. Accordingly, we reverse.
REVERSED AND REMANDED.
LETTS, J., and WALDEN, JAMES H., Senior Judge, concur.